JONAS P. VARNUM, as Receiver, etc., Respondent, *v.* E. KIRK HART et al., Impleaded, etc., Appellants.

The provision of the Revised Statutes (1 R. S. 603, § 4) prohibiting an insolvent corporation or any of its officers from assigning or disposing of its property for the payment of a debt, and prohibiting any assignment or transfer in contemplation of insolvency, does not impose upon the officers of an insolvent corporation the duty to take measures to procure a disposition of its property without preferences among all its creditors.

While the purpose of the provision was to prevent unjust discrimination, this was sought to be accomplished not by securing affirmative action, but by restraint upon the action of the corporation and its officers, leaving the property to be taken and disposed of by due course of law, and the corporation may, like an insolvent person, permit the creditors to take hostile proceedings and allow those to obtain a preference who are most vigilant; this does not constitute an assignment or transfer on its part.

An insolvent corporation is not obliged to defend any suit brought against it for a valid debt, against which there is no valid legal defense, for the sole purpose of defeating a preference ; it may suffer default and thus allow a preference.

Certain creditors of a corporation, whose claims against it were valid and past due, and against which there was no defense, knowing the corporation to be insolvent, and for the purpose of obtaining a preference over other creditors, commenced action against it, the summons being served upon D., one of its directors, under an arrangement with him that he would not disclose the service to the other officers ; he carried out the agreement and suffered said creditors to obtain judgment by default. The corporation had no real estate and its personal property was levied upon and sold under execution issued on said judgments. In an action brought by a receiver of the corporation, appointed subsequent to the levy, to have the judgments declared void and set aside, *held,* that the arrangement did not constitute an assignment or transfer; that there was no violation of said statute; and that the action was not maintainable.

The claim was made upon the part of plaintiff on appeal that the sale under the execution after the appointment of the receiver was absolutely void. *Held,* untenable, as no such cause of action was set forth in the complaint, and there was no finding in reference thereto by the trial court.

Also *held,* that as the sheriff had seized upon the property and had it in his possession at the time of the appointment of the receiver the sale was not absolutely void, but at most could be held to be simply irregular. *Walling* v. *Miller* (108 N. Y. 173) distinguished.

Another creditor commenced his action by service of summons on the president of the corporation. At a meeting of its directors held the next day, a resolution was passed authorizing an attorney to appear for it and offer judgment for the amount of the claim ; this the attorney did, and, four days after the service, judgment was entered on the offer, and execution issued thereon. It was then arranged between said creditor and the other judgment creditors, three in number, whose executions had been levied, that the sheriff should sell by virtue of all the executions and apply the proceeds *pro rata* thereon. The proceeds of sale were not sufficient to satisfy the three executions first levied. *Held*, that assuming the last judgment was in violation of the statute and so void, as to which *quære,* this did not invalidate the sale ; that as the valid executions had the prior lien and this was more than the proceeds, they justified and upheld the sale, and the presence of the other execution in the hands of the sheriff, which even if valid, was not entitled to any of the proceeds, could work no harm.

*People* v. *Hagadorn* (104 N. Y. 516) distinguished.

(Argued December 18, 1889; decided January 14, 1890.)

Appeal from judgment of the General Term of the Supreme Court, in the fifth judicial department, which modified and affirmed as modified a judgment in favor of plaintiff against the defendants, Hart, Ellwanger and Atkinson, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as receiver of the Evening Express Printing Company, against said defendants and defendant Miller, to have adjudged void and to set aside judgments obtained by said defendants against the insolvent corporation, and to compel the defendants to refund the proceeds of the sale of its property under execution. The action was based on the ground that said judgments were obtained in violation of the Revised Statutes (1 R. S. 603, § 4.) On the first trial of the action the judgments and executions and sale were adjuged void, and separate judgments were rendered against the defendants, except Atkinson as to whom the complaint was dismissed. The other defendants except Miller appealed, and the judgments against the appellant were reversed. On the second trial a joint judgment was rendered against the defendants. for the whole amount claimed. This was modified by the General Term as to the form of execution.

The further material facts are stated in the opinion.

*James Breck Perkins* and *Joseph S. Hunn* for appellant. The plaintiff is estopped by the record from maintaining this action against Hart. (2 Bliss' Code, 550, § 2429; *Tuska* v. *O'Brien,* 68 N. Y. 446; *Ibbotson* v. *Sherman,* 10 J. & S. 477.) There is an estoppel *in pais* against the plaintiff. (*Hawley* v. *Griswold,* 42 Barb. 18; *Walrath* v. *Redfield,* 18 N. Y. 457, 461; *Tilton* v. *Nelson,* 27 Barb. 595; *Voorhees* v. *Olmstead,* 66 N. Y. 113; *Blair* v. *Wait,* 69 id. 113; *Dezell* v. *Odell,* 3 Hill, 215; *S. II. Co.* v. *E. II. Co.,* 90 N. Y. 607.) The plaintiff's right of action was lost by the repeal of the statute. (*Victor Co.* v. *Beecher,* 97 N. Y. 651.) The evidence does not show an illegal transfer contrary to the provisions of the statute. (*Van Alstyne* v. *Cook,* 25 N. Y. 489; *Dutcher* v. *I. & T. Bank,* 59 id. 5; *Paulding* v. *C. S. Co.* 94 id. 334, 339; *Prentiss* v. *Nichols,* 100 id. 227, 230; *Hunt* v. *Mortimer,* 10 B. & C. 44; *Kingsley* v. *F. N. Bank,* 31 Hun, 329.; *In re Waterbury.* 8 Paige, 380, 383–384; *Chamberlain* v. *R. P. Co.* 7 Hun, 557.) The evidence of Upton's conversation with Ellwanger and Rew and Tracy was improperly received against Hart. (*Gutches* v. *Gutches,* 66 Barb. 483; *Bowen* v. *Bank of Newport,* 11 Hun, 226, 229.)

*Martin W. Cooke* for respondent. The judgments were void. (*Manning* v. *Brick,* 26 N. Y. S. R. 483; 129 U. S. 329.) If any one of the judgments was void the sale was wrongful and void. (*People* v. *Hayadorn,* 104 N. Y. 519.) There was no estoppel. (Code Civ. Pro. §§ 1788, 2429; R. S. chap. 8, art. 3, §§ 66–89; *Att'y-Gen'l* v. *L. & F. Ins. Co.,* 4 Paige, 224, 225; 2 R. S. 464, § 42; *Tuska* v. *O'Brien,* 68 N. Y. 446; *Pray* v. *Hegeman,* 98 id. 351; 3 R. S., 2399, § 68; *Royce* v. *Watrous,* 73 N. Y. 597.) The facts of the case show that these parties were not *bona fide* purchasers of the property. If they were not, the receiver is entitled to recover from them for its value, defendants having disposed of it. (R. S. chap 18, tit. 4, § 4; Story's Eq. Juris. § 1252; Morawetz on Corp. § 863; *Kingsley* v. *F. N. Bank,* 31 Hun, 329; Code Civ. Pro. §§ 1785, 1786.) The sale and

conversion of the property of the corporation on the 19th of April, 1882, was in violation of the order of the court, and the appropriation of property, the title to which was in the receiver, and so was void. · ( *Walling* v. *Miller*, 108 N. Y. 173.) There was no error in the admission or rejection of evidence for which the judgment should be disturbed. (*People* v. *Gonzalez*, 35 N. Y. 49, 60; *Messner* v. *People*, 45 id. 1, 10; *Forrest* v. *Forrest*, 25 id. 501, 510; Code of Pro. § 2545; *In re Smith*, 95 N. Y. 516, 527.)

EARL, J.  To maintain this action it must be held that the judgments against the Evening Express Printing Company and the sale of its property under the executions issued thereupon worked a transfer of the property of the corporation in violation of the provisions of the Revised Statutes which declare that " whenever any incorporated company shall have refused the payment of any of its notes or other evidence of debt in specie or lawful money of the United States, it shall not be lawful for such company or any of its officers to assign or transfer any of the property or choses in action of such company to any officer or stockholder of such company, directly or indirectly, for the payment of any debt; and it shall not be lawful to make any transfer or assignment in contemplation of the insolvency of such company to any person or persons whatever ; and every such transfer and assignment to such officer, stockholder or other person or in trust for them or their benefit shall be utterly void." (R. S. part 1, chap. 18, tit. 4, § 4.) None of the plaintiffs in the judgments were officers or stockholders of the corporation, and hence the last clause of the section quoted only can be claimed to have any application to this case.

It is undoubtedly true that it was the purpose of the provision to prevent unjust discrimination among creditors of an insolvent corporation.  But this was to be accomplished in only one way, to wit.: by restraint upon the action of the corporation and its officers.  They having the best and the earliest knowledge of the actual or impending insolvency, were

not to transfer or assign any of its property so as to give any preference or advantage therein to any person; but the purpose was in such case to leave the property to be taken or disposed of by due course of law. The officers of a corpora-tion are under no legal duty in the case of its insolvency to take measures to procure a disposition of its property, without preference, among all its creditors. They may, like an insol-vent person, permit the creditors to take hostile proceedings and allow those to obtain preferences who are the most vigilant. The statute places no restraint whatever upon the creditors, and they are permitted to pursue their remedies in all the ways allowed by the law, and to procure satisfaction of their claims if they can. Furthermore, the statute contemplates no affirma-tive action on the part of the corportion, and it cannot be violated by mere silence or omission to act on its part or the part of its officers. An insolvent corporation is not obliged to defend any suit brought against it for the sole purpose of defeating a preference, and it may in such case suffer default and thus allow a judgment to be obtained against it, knowing that the creditor designs to obtain, and will thus obtain, a preference. Such conduct on its part does not constitute a transfer or assignment of its property, and there is nothing in the statute which condemns judgments thus obtained.

Preferences by judgments were condemned in the National Bankrupt Acts by the express language used therein. In the act in reference to moneyed corporations (Laws of 1882, chap. 409, § 187) we find this language: "No such conveyance, assignment or transfer, nor any payment made, judgment suffered, lien created or security given by any such corpora-tion when insolvent, or in contemplation of insolvency, with the intent of giving a preference, etc., shall be valid in law;" and the Revised Statutes (part 2, chap. 4, tit. 1, art. 1, § 20), in reference to limited partnerships, provides as follows: "Every sale, assignment or transfer of any of the property or effects of such partnership, * * * and every judgment confessed, lien created or secured, * * * shall be void." It is thus seen that when law-makers intend to prevent preferences by

judgments in the case of insolvent corporations or persons, they have not deemed the words " transfer," " assignment," " conveyance," " sale " sufficient for that purpose, but have specially named judgments. The provisions as to limited partnerships came under consideration in *Van Alstyne* v. *Cook* (25 N. Y. 489), and the court there said that they " do not avoid payments made or judgments suffered, or require a creditor to account for anything received by the creditor of the partnership or of either of the partners. \* \* \* These sections clearly do not inhibit or apply to judgments recovered against the members of a limited partnership *in invitum*, or suffered by them by default or otherwise."

Now, what are the facts as to these judgments? We will for the present confine ourselves to the judgments in favor of Hart, Miller and the bank. They were all recovered, as the trial court found, for valid debts past due, and the debts being such, it does not appear that there was any just or legal defense which could have been interposed to them. They were recovered by default after legal service of the summons in each case upon Tracey, one of the directors of the company, and also its secretary, treasurer and financial manager. It is quite true that they acted in concert, and that they knew that the company was insolvent and meant to gain a preference in the payment of their claims over other creditors. But all this is unimportant. The statute could not be violated by any act, conduct or intention on their part. They were under no statutory restraint. So they did not violate the statute by arranging with Tracey that he should not disclose the service of the summons upon him to the other officers of the company. Nor was the statute violated because Tracey did not disclose the service of the summons to the other officers. He did nothing. He suffered the plaintiffs to obtain their judgments, but did not assign or transfer any property. Suppose he had disclosed the service of the summons, the statute would not have been violated if all the officers had then remained silent and had thus suffered the judgments to be obtained, and if they had so acted for the express purpose of

allowing the plaintiff in those actions to obtain the first judg-ments, and thus the first chance of payment. It is true that the other officers, if they had known of the commencement of the actions, might have taken measures to defeat any preference and for an equal distribution of the corporate assets among all the creditors of the corporation. But they would not have been bound to do so, and it remains true that in all that was done or authorized to be done, there was no assignment or transfer of property and no violation of the statute. If there had been any defense to the actions, there was ground for an application to the court to set aside the judgments and open the defaults; but there is no ground for holding the judgments absolutely void as in violation of the statute.

The argument of the plaintiff would have more force (we do not say would be valid) if the corporation had had real estate upon which the judgments became liens. It had only personal property, and thus the judgments were simply a higher form of obligation than the plaintiffs therein before had for their claims. The executions were issued by the plain-tiffs, and the seizure and sale of the property were by the sheriff, and it does not appear that, in reference to them, there was any active interference on the part of the officers of the corporation which could be claimed to be in violation of the statute.

The judgments were entered on the 3d day of March, 1882, and on the same day executions were issued to the sheriff, and he levied upon the property and took it into his possession. Subsequently, on the tenth day of April, an action was commenced against the corporation by the people for its dis-solution, and such proceedings were had therein, that on the twelfth day of April the plaintiff was appointed its receiver, and thereafter entered upon the discharge of his duties as such. On the nineteenth day of April the sheriff sold the property by virtue of the executions. The claim is now made that on account of the appointment of the receiver, the sale of the property was absolutely void, and that for that reason the plaintiff was entitled to recover in this action. It is sufficient

to say that no such cause of action was alleged in the complaint, and there was no finding in reference thereto by the trial judge. Besides, the sheriff having seized the property, the sale thereof by him after the appointment of a receiver, while the property was in his possession and not in the possession of the receiver, was not absolutely void, and could at most be held to be irregular; and the case of *Walling* v. *Miller* (108 N. Y. 173) does not uphold the plaintiff's contention, as there the property was sold by the sheriff after the title had passed to the receiver, and while it was in his possession.

But the case of Ellwanger stands upon a different footing. He commenced an action upon his claim against the corporation by service of the summons upon its president on the 3d day of March, 1882. The directors held a meeting on the fourth day of March and resolved that an attorney should be authorized to appear in the action and offer judgment for the amount of the claim. Thereafter, on the sixth day of March, the attorney of the corporation did appear and offer judgment, and on the same day judgment based upon the offer and the acceptance thereof was entered; and on the same day execution was issued thereon and placed in the hands of the sheriff. On the eighth day of April thereafter Hart, Miller, the bank and Ellwanger made an arrangement that the sheriff should sell the property by virtue of the four executions, and that the proceeds of the sale should be applied *pro rata* thereon. The property brought at the sheriff's sale $20,000, which was its full value, and that sum was applied according to the agreement. The judgments in favor of Hart, Miller and the bank were in the aggregate for some $20,000, and the property sold was not sufficient to satisfy the three executions first levied, and all that Ellwanger received of the proceeds of the sale he received by virtue of the agreement made with the other execution creditors. Upon these facts the plaintiff claims especially that the judgment of Ellwanger was in violation of the statute and void, and as the sale was made under all the judgments it was illegal and void. It is quite true that the judgment of

Ellwanger stands upon a different footing from the others. It was obtained in consequence of the affirmative action of the corporation taken for the express purpose of giving him some advantage in its property. We will assume, without deciding it, that that judgment was in violation of the statute and, therefore, void (*Kingsley* v. *First Nat. Bank*, 31 Hun, 329); and yet the sale for that reason was not illegal and void. The valid executions had the prior lien and right, and as they were of greater amount than the whole of the corporate property sold, the presence of the invalid execution in the hands of the sheriff could work no harm. The valid executions uphold and justify the sale, and the sale must be referred to them if the other execution was void. Even if Ellwangers' execution had been valid, he could not legally have received one dollar from the proceeds by virtue thereof, as all the property levied on was insufficient to satisfy the three executions having the prior right. This is unlike the case of a tax sale where real estate is sold for taxes, some of which are illegal, because there is the right in such a case of redemption which could not be exercised except by the payment of the illegal tax. (*People* v. *Hagadorn*, 104. N Y. 516.)

Therefore, without considering other objections to the judgment which have been ably argued and fully presented in the learned briefs, we are of opinion that the judgment against the appellants should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.