## HARDING *v.* FISKE *et al.*

*(Supreme Court, Special Term, New York County.   October 6, 1890.)*

INJUNCTION—PENDENTE LITE—TRANSFER OF CORPORATE PROPERTY.
    In an action to declare void judgments obtained against a corporation by an officer thereof, brought under 3 Rev. St. N. Y. (8th Ed.) p. 1729, § 4, declaring that any transfer of corporate property to an officer of the corporation, in payment of a debt due him, made by a corporation, which shall have refused payment of any of its debts, shall be void, an injunction *pendente lite* against the enforcement of the judgment will be granted.

At chambers. Action by Joseph M. Harding against Joseph W. Fiske, John M. Fiske, and the J..M. Harding Manufacturing Company, to have declared void certain judgments, by default, obtained by Joseph W. Fiske against the J. M. Harding Manufacturing Company in actions on promissory notes alleged to have been given to said Joseph W. Fiske through John M. Fiske, treasurer of said company. Plaintiff also asked for the appointment of a receiver, that the assets of the company be marshaled, and that defendants be required to account concerning the alleged indebtedness of the company. A temporary injunction was granted restraining the collection of the judgment or any interference with the property of the company, until plaintiff's motion for an injunction *pendente lite* should be heard and decided. The provision of the Revised Statutes referred to in the opinion (3 Rev. St., 8th Ed., p. 1729, § 4) is as follows: "Whenever any incorporated company shall have refused the payment of any of its notes or other evidences of debt, *in specie,* or lawful money of the United States, it shall not be lawful for such company, or any of its officers, to assign or transfer any of the property or choses in action of such company to any officer or stockholder of such company, directly or indirectly, for the payment of any debt; and it shall not be lawful to make any transfer or assignment, in contemplation of the insolvency of such company, to any person or persons whatever; and every such transfer and assign-

ment to such officer, stockholder, or other person, or in trust for them or their benefit, shall be utterly void."

*Frederick R. Lee,* for plaintiff. *Leavitt & Keith,* for defendant Fiske. *Albert H. Atterbury,* for the J. M. Harding Manuf'g Co.

LAWRENCE, J. Under the case of *Varnum* v. *Hart,* 119 N. Y. 101, 23 N. E. Rep. 183, I think that the preliminary injunction should be continued until the cause can be tried. Although that case holds that the provisions of the Revised Statutes prohibiting an insolvent corporation or any of its officers from assigning or disposing of its property for the payment of a debt, and prohibiting any assignment or transfer in contemplation of insolvency, do not impose upon the officers of an insolvent corporation the duty to take measures to procure a disposition of its property without preference among all its creditors, it also holds that its purpose of preventing an unjust discrimination was sought to be accomplished, not by securing affirmative action, but by restraining the action of the corporation or its officers. It appears by the papers of the defendant Fiske that there are other creditors who are pressing the corporation, and, as he is an officer of the corporation, he should not be allowed to secure a preference for his own claim against those creditors. Ten dollars costs to the plaintiff to abide the event. Settle order on notice.