### DICKSON *et al. v.* MARK MAYER *et al.*

*(Supreme Court, General Term, First Department.    December 29, 1890.)*

INJUNCTION—RESTRAINING COLLECTION OF EXECUTION—AVERMENTS.

Attaching creditors of a corporation sought to restrain payment of proceeds of sales, on execution, of the property of the corporation, on the ground that the judgments under which such sales were made were recovered by procurement of its president, in violation of Rev. St. N. Y. pt. 1, c. 18, tit. 4, § 4, forbidding an insolvent company to make any transfer of property in contemplation of insolvency. Their affidavits averred that, from statements of the president and his attorney, and from a list of creditors submitted by the corporation, a part of the debts for which the judgments were recovered were not due, and that the president had procured a suit against the corporation to be brought by his wife for a debt not in such list. Such statements were not set forth, and were met by opposing affidavits stating the facts. *Held,* that the injunction could not be sustained.

Appeal from special term, New York county.

Action by Edward G. Dickson and others against Mark Mayer, a corporation, Dessa Mayer, Charles Kaufman, and the sheriffs of the city and county of New York, and the county of Kings. Defendants Charles Kaufman and Dessa Mayer appeal from an order continuing an injunction restraining the payment of the proceeds of sales of property of the defendant corporation by virtue of executions under judgments in favor of the appellants against said corporation. For the attachment proceedings, see *ante,* 359.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Blumenstiel & Hirsch,* for appellant Kaufman. *Mark M. Schlesinger,* for appellant Dessa Mayer. *Kneeland, Stewart & Epstein* and *Thomas S. Bassford,* (*S. F. Kneeland,* of counsel,) for respondents.

DANIELS, J. The plaintiffs are attaching creditors of the corporation known as "Mark Mayer." Under their attachment the property of the corporations was seized by the sheriffs of the counties of New York and Kings. Since then the property has been sold under judgments recovered against the corporation, and the proceeds of the sales are now in the possession of the sheriffs making the sales. The judgments under the executions upon which the sales have been made are alleged to have been recovered by the procurement of Mark Mayer, the president of the corporation, in violation of the

statute forbidding an insolvent corporation, as this corporation was at the time when the suits were commenced, making any assignment or transfer of its property to any person or persons whatever in contemplation of its insolvency. 2 Rev. St. (6th Ed.) p. 399, § 4. The judgments especially brought in question were two recovered by Dessa Mayer, the wife of Mark Mayer, and others by Charles Kaufman, as assignee of Louis Auerbach. These judgments will absorb all the proceeds of the sales if they are to be thereby paid, and to avoid their payment in this manner, and preserve the proceeds of the sales for the payment of the plaintiffs' demand when judgment shall be recovered, is the object of this action. To maintain the action, and entitle the plaintiffs to the injunction, it is necessary that the fact shall be maintained that these judgments have been recovered by the active procurement of the president of the corporation, for no other officer has been alleged to have in any form interfered to set on foot or promote the proceedings in which they have been obtained. The affidavit which was presented to prove that the president of the corporation had procured these judgments to be recovered, to divert property to their payment, was made by one of the attorneys for the plaintiffs. In that affidavit he has stated that at a meeting of creditors held on the 31st of July, 1890, it appeared from statements made by Mark Mayer, and his attorney Mark M. Schlesinger, and from a list of creditors submitted by the corporation, that nearly all the indebtedness to Auerbach, upon which judgments had been recovered, were upon promissory notes, and not for goods sold, nearly all of which were not due, and that the defendant had waived the credit to permit the recovery of such judgments. This averment of the affidavit is wholly inferential from facts or statements not set forth, and whether the inference was suppported, the court therefore has no means of knowledge. If these statements would supply any ground for believing that the debt was in part not due, they should have been set out in the affidavit, instead of confining it to what was inferred from them by a person listening to them. It is quite too common to deduce such inferences from statements not warranting them, and to make them the foundation of adverse legal proceedings. They are no more evidence for an attachment, injunction, or order of arrest than they would be on the trial of an issue of fact, where they are uniformly rejected as not being proof for any purpose; but this inference has been stated in the affidavit made by Louis Auerbach to be unfounded, for he has sworn that the money loaned, and the prices for which the goods were sold and delivered to the corporation, were due and owing to him when the suits were commenced in which the judgments had been recovered, and in that statement he has also been sustained by the affidavit of Mark Mayer, who has sworn that the debts were due. These affidavits are sufficient, against the defective affidavit of the attorney for the plaintiff, to deprive the injunction of its support, so far as it depends upon the Kaufman judgments, for it has not been proved that they were recovered on debts not then due, or at the instance or by the procurement of the president of the corporation, to dispose of any part of its property for the benefit of this creditor. Permitting the judgments to be recovered, presented no case violating this restraint of the statute. *Varnum* v. *Hart,* 119 N. Y. 101, 23 N. E. Rep. 183. This affidavit further affirms that it appeared by the statements of the same persons made at the time already mentioned that the president of the corporation procured the commencment of a suit on behalf of Dessa Mayer, and that the attorney of the corporation was the attorney in that suit. But it was not stated that the attorney was an officer of the corporation, and this part of the case consequently must depend upon what the president himself is stated to have done. But, while this statement that the suit was procured by the president is purely inferential, it was afterwards shown what did in fact take place, and that was that this attorney was asked, in the presence and hearing of the president, whether Mayer authorized him to commence the suit in the name

of his wife, and he answered: "He authorized me in the name of Mrs. Mayer." This statement, standing by itself, would not be sufficient to sustain this injunction, for it was not shown that Mayer acknowledged or acquiesced by omitting a denial of its correctness; and, further, affidavits made by Mrs. Mayer, Mr. Mayer, and Mr. Schlesinger have been added, stating that he did no more than convey to the attorney a message from his wife, and that it was at her instance that the suits were commenced and her judgments recovered. The fact that the president of the corporation conveyed this message to the attorney did not establish a violation of this section of the statute, as it has been construed by the authority previously mentioned, and, as the action of the plaintiffs has been brought to secure to them the benefit of its provisions, it has not been so far maintained as to entitle them to the injunction. It may be that there was no debt owing to Dessa Mayer, as the statement produced by its omission appeared to indicate; but the further evidence now presented is that the amounts claimed and recovered were owing to her. If the fact shall prove to be otherwise, her judgments will be vacated by a proper action for that object; but that fact has not yet been maintained. At most there is but a suspicion of its existence which will not sustain the present proceeding. The order should therefore be reversed, with the usual costs and disbursements, and the motion denied. All concur.