THE JEFFERSON COUNTY NATIONAL BANK, Respondent, *v.* MARGARET A. TOWNLEY and HUGH C. TOWNLEY, Appel-lants, Impleaded with the EUREKA CHEMICAL COMPANY.

1. CORPORATIONS — STATUTE AGAINST TRANSFERS OF PROPERTY OF INSOLVENT CORPORATION DOES NOT PROHIBIT TRANSFER BY OFFICER OF HIS CLAIM AGAINST CORPORATION. The provision of the Revised Stat-utes (1 R. S. 603, § 4) which declares, in substance, that when any incor-porated company has refused payment of any of its notes or other evi-dences of debt, it shall not be lawful for it or any of its officers to assign or transfer any of its property to any officer or stockholder for the payment of any debt; that it shall be unlawful to make any transfer in contempla-tion of the insolvency of the company to any person whatever, and that every such transfer shall be utterly void, does not prohibit the assign-ment, by an officer or stockholder, of a claim he may have against the corporation, to secure or pay his *bona fide* creditors, where the transaction was in good faith, and with the intent of paying or securing a debt which he honestly owed.

2. ASSIGNMENT OF CLAIM AGAINST CORPORATION BY OFFICER TO WIFE. The mere relation of husband and wife between the parties to an assign-ment by an officer of a corporation, of a claim against the corporation, and their knowledge that the corporation was indebted to others, are not sufficient to justify a finding that the parties by their transfer intended

to evade or circumvent the statute, when it is shown that the transfer was an absolute one, made in good faith for a valuable consideration, and for the sole purpose of paying a just debt which was owing by the assignor to the assignee.

3. RIGHT OF ASSIGNEE TO ENFORCE DEBT AGAINST CORPORATION — NOT AN ILLEGAL PREFERENCE. The right of an assignee of a debt due from a corporation to one of its officers, to pursue the usual and ordinary remedies for the enforcement of his debt against it, is not opposed by the statute; and the taking of such an assignment, in good faith and for a valuable consideration, and the enforcement of the assigned debt to judgment, by the ordinary remedies, do not constitute the obtaining of an illegal preference over other creditors of the corporation.

4. STATUTORY RESTRAINT UPON ENFORCEMENT OF CLAIM AGAINST CORPORATION BY OFFICER, REMOVED BY TRANSFER OF CLAIM. When an officer of a corporation, having a valid claim against it which he could have enforced but for the fact that he was then an officer of it, and therefore within the restraint of the statute, transfers his claim to another, so that the office and title cease to rest in the same person, the statutory restraint upon its enforcement is removed, and it becomes enforceable against the corporation.

*Jefferson Co. Nat. Bank* v. *Townley,* ·92 Hun, 172, reversed.

(Argued May 3, 1899; decided June 13, 1899.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fourth judicial department, entered January 13, 1896, affirming a judgment entered upon a decision of the Special Term, which vacated two judgments obtained by Margaret A. Townley against the Eureka Chemical Company and the executions issued thereon, and which also directed the sheriff of Onondaga county to pay the amount collected by him under such executions to the plaintiff upon a judgment obtained by it against the corporation.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William S. Jenney* for appellants. Mrs. Townley, not being a stockholder, the assignment of Townley's causes of action to her, followed by judgments and levies thereunder, are not within the statute. (*Holbrook* v. *N. J. Z. Co.,* 57 N. Y. 616; *Grymes* v. *Hone,* 49 N. Y. 17; *Robinson* v. *Nat. Bank,* 95 N. Y. 642; *McNeil* v. *T. Nat. Bank,* 46 N. Y. 331; 2

Pom. Eq. Juris. [2d ed.] §§ 699, 700; *Cushman* v. *T. M. J. Co.*, 76 N. Y. 365; 3 R. S. [8th ed.] 1960, § 25; *Shellington* v. *Howland*, 53 N. Y. 376; *DeCaumont* v. *Bogert*, 36 Hun, 382.) Mr. Townley's claims against the company were not assigned to his wife, nor were her judgments obtained, in contemplation of the insolvency of the Eureka Chemical Company. (*Dutcher* v. *I. & T. Nat. Bank*, 59 N. Y. 5; *Paulding* v. *C. S. Co.*, 94 N. Y. 334; *Prentiss* v. *Nichols*, 100 N. Y. 227; *Varnum* v. *Hart*, 119 N. Y. 101; *French* v. *Andrews*, 145 N. Y. 441; *Matter of Waterbury*, 8 Paige, 380; *Kingsley* v. *F. Nat. Bank*, 31 Hun, 329; *S. C. P. Co.* v. *Wing*, 85 N. Y. 421; *Williams* v. *Whedon*, 109 N. Y. 337; *McManus* v. *Gavin*, 77 N. Y. 36.) Whatever may have been Mr. Townley's motive in assigning his causes of action against the Eureka Chemical Company to his wife, she, as assignee, had the right to enforce collection out of its assets by judgment and is not governed by the terms of the statute. (*Coates* v. *Donnell*, 94 N. Y. 168; *French* v. *Andrews*, 145 N. Y. 441; *Petersen* v. *Chemical Bank*, 32 N. Y. 21; *McBride* v. *F. Bank*, 26 N. Y. 450; *Snyder* v. *Snyder*, 96 N. Y. 88; *P. L. A. Society* v. *Ford*, 114 U. S. 635; *L. M. Bank* v. *Cooper*, 120 U. S. 778; *Carpenter* v. *Butler*, 29 Hun, 251; *Millbank* v. *Welch*, 74 Hun, 497.)

*A. H. Sawyer* for respondent. The effort of the defendant Hugh C. Townley, to obtain a preference over other creditors of the Eureka Chemical Company by judgment, execution and levy, for the indebtedness existing in his favor against said company in September and November, 1889, is in violation of section 4, title 4, chapter 18, part 1 of the Revised Statutes, and was void as against other creditors of the company. (*Throop* v. *H. L. Co.*, 125 N. Y. 530; 58 Hun, 149; *Kingsley* v. *F. Nat. Bank*, 31 Hun, 329; *N. B. Bank* v. *W. M. Co.*, 59 Hun, 470; *Grant* v. *S. D. & B. Co.*, 67 Hun, 650; L. 1892, ch. 688, § 48.) The pretended assignment by Townley to his wife of his claims against the chemical company did not confer upon her any greater rights than

he himself possessed. (Code Civ. Pro. § 1909 ; *Chamberlin v. Day*, 3 Cow. 353 ; *Bank of Niagara v. M'Cracken*, 18 Johns. 493 ; *Hawley v. Cramer*, 4 Cow. 718 ; *Hill v. Hoole*, 116 N. Y. 299 ; *Mickles v. Townsend*, 18 N. Y. 575 ; *Greene v. Warnick*, 64 N. Y. 220 ; *Viele v. Judson*, 82 N. Y. 32 ; *Davies v. Austin*, 1 Ves. 247 ; *Owen v. Evans*, 134 N. Y. 514.) That the assignee simply succeeds to the rights of his assignor and can have no other or greater rights than those possessed by such assignor, is the rule where the assignment of the claim or cause of action is made for full and valuable consideration. (*Mickles v. Townsend*, 18 N. Y. 575.) The Jefferson County Bank, the plaintiff, being a judgment creditor of the defendant, the Eureka Chemical Company, this action is properly brought by the bank to obtain the equitable relief demanded by the setting aside of the judgments and executions in these actions. (*Braem v. M. Nat. Bank*, 127 N. Y. 508; *Bartlett v. Drew*, 57 N. Y. 587; *Lopez v. M. & F. Nat. Bank*, 18 App. Div. 427.)

MARTIN, J. This action was brought by the plaintiff as a judgment creditor of the Eureka Chemical Company. Its purpose was to set aside two judgments recovered by Margaret A. Townley against it upon claims for salary due to, and money advanced by, Hugh C. Townley which were previously assigned to her by him. The latter was treasurer, general manager, a stockholder and director of the corporation, which was duly organized under the laws of this state.

The action was based upon a statute which provides : "Whenever any incorporated company shall have refused the payment of any of its notes, or other evidences of debt, in specie, or lawful money of the United States, it shall not be lawful for such company, or any of its officers, to assign or transfer any of the property or choses in action of such company, to any officer or stockholder of such company, directly or indirectly for the payment of any debt; and it shall not be lawful to make any transfer or assignment in contemplation of the insolvency of such company, to any person or persons

whatever; and every such transfer and assignment to such officer, stockholder or other person, or in trust for them or their benefit, shall be utterly void." (1 R. S. part 1, chap. 18, tit. 4, § 4.)

The plaintiff's claim is that the object of the assignments to Mrs. Townley was to avoid this statute which prevented her husband from securing a preference after the company had refused payment of its notes or other evidences of debt. If we assume that such was their purpose, yet, as the transfer was based upon a good consideration and the title to the claim assigned was absolutely transferred, so that the assignee became the actual owner and entitled to enforce it, does it follow that such a transfer is void under this statute?

The statute in substance declares that when certain conditions exist, it shall not be lawful for a corporation to assign or transfer any of its property to any officer or stockholder for the payment of any debts; that it shall be unlawful to make any transfer in contemplation of the insolvency of the company to any person whatever, and that every such transfer shall be utterly void. It is to be observed that what the statute declares unlawful are transfers by the corporation to its officers or stockholders, or transfers by it in contemplation of insolvency. We find nothing in the statute which prohibits the officers or stockholders of a corporation from transferring to others their own property, or even their claims against the company. It is the property of the corporation alone that is impounded, and not that of its stockholders or officers. Therefore, the transfer under consideration was not forbidden by the statute, and is not within its letter or spirit. As was said by Judge ANDREWS in *Throop* v. *H. L. Co.* (125 N. Y. 530, 534): "The law for the protection of the body of creditors against favoritism, interdicts the corporation and its officers, while the default continues, from making preferential transfers of the corporate assets to officers or stockholders in payment of debt."

The uncontradicted proof in the record discloses that Mrs. Townley's husband was actually indebted to her for money

which she inherited from her father and which she loaned him in an amount largely in excess of the value of the claims assigned, and that among other evidences of his indebtedness she held his note for twenty-five hundred dollars, which was the consideration for such assignments, and was canceled when they were made. The claims assigned amounted to the sum of $2,448.76 only, while the debt that was canceled amounted to more than twenty-five hundred dollars.

The trial court, however, found that these assignments were made and taken for the purpose of enabling the assignee to obtain a judgment and lien upon the property of the corporation, to avoid and evade the statute and the decisions of the courts under it, and to create and obtain an illegal preference over the plaintiff and other creditors of the Eureka Chemical Company. If this finding is to be construed as a finding that the assignments were a mere sham, and not intended to transfer the interest of the assignor in the claim assigned, but to simply place it in the name of his wife to collect it for his own benefit, it may well be that, if justified by the evidence, it was sufficient to sustain the judgment below. Therefore, it becomes necessary to examine the record and ascertain whether there was any evidence to sustain the finding when thus construed.

If there is any such evidence we have been unable to discover it in the record, except as it rests upon the mere fact that the parties to the assignment were husband and wife, and that they knew that the corporation was indebted to others when the assignments were made. The other proof bearing upon that question was plainly to the effect that the transfer was made in good faith for a valuable and sufficient consideration, and for the sole purpose of paying a just debt which was owing by the assignor to the assignee. It also shows that there was no title, interest, advantage or benefit reserved or retained, or intended to be retained, by the assignor, but that the assignments were absolute and unconditional and were intended to and did transfer to her his entire right to the claims thus assigned, and with no intention to evade or cir-

cumvent the provisions of the statute. If the assignee became the owner of the demand and was, therefore, entitled to employ the usual remedies for its enforcement, then surely she obtained no *illegal* preference over the plaintiff or any other creditor. We think the evidence in the record was insufficient to justify that finding of fact.

The only question relating to the merits of this controversy, briefly stated, is whether this statute prohibits an assignment by an officer of such a corporation of any claim he may have against it to secure or pay his *bona fide* creditors, where the transaction was in good faith, and with the intent of paying or securing a debt which he honestly owed.

Obviously, if the transfer to Mrs. Townley was not in contravention of the statute, the determination of the court below was erroneous, and the judgment should be reversed. After a careful examination of the evidence we have reached the conclusion that the mere relation of husband and wife between the parties and a knowledge that the corporation was indebted to others, were not, in view of the other evidence in the record, sufficient to justify the finding that the parties by their transfer intended to evade or circumvent the provisions of the statute under consideration. (*French* v. *Andrews,* 145 N. Y. 441.) If this transfer was intended to circumvent the statute, the burden of establishing that fact rested upon the plaintiff, and as the plaintiff at most furnished but a mere scintilla of evidence upon that question it was insufficient to sustain the finding of the trial court. (*Laidlaw* v. *Sage,* 158 N. Y. 73, and cases cited in opinion.)

In *Varnum* v. *Hart* (119 N. Y. 101) this statute was under consideration, and it was there held that while the purpose of the provision of the statute was to prevent unjust discrimination, it was sought to be accomplished only by restraint upon the action of the corporation and its officers, leaving the property to be disposed of by due course of law, and that a corporation, like an insolvent person, might permit creditors to take hostile proceedings, thus allowing those most vigilant to obtain a preference, and that such a course did not

constitute an assignment or transfer upon the part of the corporation. It was also held that it was not obliged to defend any suit brought for a valid debt for the purpose of defeating a preference, but that it might suffer default and thus allow it.

In *Throop* v. *H. L. Co.* (125 N. Y. 530, 534) it was held that this statute prohibited a director or other officer of a corporation, who was a creditor, from procuring a preferential lien upon the corporate assets through a process of attachment, although the writ was in hostility to the corporation. Judge ANDREWS there said : " We have recently held in *Varnum* v. *Hart* (119 N. Y. 101) that the statute does not restrain one whose relation to the corporation is that of a creditor merely from availing himself of legal proceedings for the collection of his debt, and that he is entitled to a preference acquired in ordinary course of legal procedure, notwithstanding the insolvency of the corporation."

Again in *French* v. *Andrews* (145 N. Y. 441, 444) it was held that where the officers of a corporation had merely permitted one of its creditors to obtain judgment against it in the regular course of legal proceedings, it was not a transfer or assignment of its property within the meaning of the statute under consideration, as amended in 1890, which, so far as it affects this case, is substantially like the statute we are now considering. In that case the plaintiff was the receiver of an insolvent corporation, and the defendant was a creditor. His debt was due in March, 1891. Unable to obtain cash, he took notes which were not paid when due, and they were renewed. Before the renewal notes became payable, the defendant gave up the old notes and took eleven others for about one thousand dollars each, which included, in addition to the debt secured by the former note, three thousand dollars on a current account and five hundred dollars which was loaned at that time. These notes were made payable upon demand. When they were given the treasurer of the company and the defendant each knew that the company was not able to pay its debts as they matured, and in that sense that it was insolvent. The purpose of taking up the old notes and

63

giving notes that were due for one thousand dollars each, was to enable the defendant to commence suit upon them forthwith in the Municipal Court of Rochester, in which a judgment could be obtained by default in six days, and which had no jurisdiction to render judgment for the full amount of the indebtedness of the company to the defendant. Suit was immediately commenced and judgment obtained by default upon each note. That action was brought to have such judgments set aside as illegal and void because contrary to the provisions of the statute we have here under consideration. But Judge PECKHAM said : "The defendant was neither a stockholder nor officer of the corporation and his liability to respond to the plaintiff in this action rests upon the last clause of the above-quoted section. * * * Merely permitting a creditor to obtain a 'judgment in the regular course of legal proceedings is not on the part of the officers of the corporation a transfer or assignment of the property of a corporation within the meaning of the statute quoted. And the conduct of the treasurer in giving notes which might be sued by the defendant in the Municipal Court did not so far alter the facts as to call for a different decision from that made in the *Varnum* case."

We find nothing in the *Throop* case, which is relied upon by the plaintiff, at all adverse to the right of an assignee of a debt due from a corporation to one of its officers, and who, by such assignment, becomes its creditor, to pursue the usual and ordinary remedies for the enforcement of his debt against it. When the assignments in this case were made, the relation of debtor and creditor, which existed between the corporation and its officer, was at once terminated. A new relation, however, sprang into immediate existence between the corporation and the officer's assignee, who thereupon became its creditor to the amount of the claim assigned. Assuming, then, that the transfer was in good faith, for a valuable consideration ; that the proof was insufficient to establish any intent of the parties to evade or circumvent the statute, it is manifest that the judgment appealed from cannot be sustained.

The plaintiff insists that Mrs. Townley, under the assignment to her, acquired no greater rights than her assignee possessed, and, hence, she could not obtain a valid judgment upon her claim. So far as this principle relates to the validity of the debt against the corporation, there is probably no doubt as to the correctness of that contention. If the corporation had any available defense based on an existing counterclaim, or upon the invalidity or non-existence of the demand itself, the assignee could not enforce it against the corporation. To that effect are the authorities cited by the respondent. But no such condition exists here. There is neither pretense nor claim that the corporation was not indebted to her assignor to the amount for which she recovered judgment. That question had been conclusively settled by former judgments between Mrs. Townley and the corporation in actions which were defended by it. While this demand rested in the hands of an officer of the company, the statute forbade its enforcement by him under the conditions then existing. The statute affected the remedy of the officer only, and in no other way affected his right of property in his claim against the corporation. The assignor certainly had a valid claim against it, which he could have enforced but for the fact that he was then an officer of it. Had he died or resigned we perceive no reason why it could not have been enforced by him or his representatives in the same manner as a debt of any other creditor. His inability by action to enforce his claim did not relate to its nature, character or validity, but was personal to the assignor and was because of his official relation to the corporation. While he remained an officer and retained the title to the claim, the statute and decisions under it denied him the ordinary remedies for its enforcement. But when he transferred his claim to another, so that the office and title ceased to rest in the same person, the statutory restraint upon its enforcement was removed, and it became enforceable against the corporation. If the legislature had intended to impound all claims of its officers against a corporation in their own hands and thus prevent an assignment and consequent action

by their assignee, it would have so declared in the statute. It by no means follows that an assignee may not maintain an action because his assignor has no capacity or is forbidden to sue. (*McBride* v. *Farmers' Bank*, 26 N. Y. 450; *Petersen* v. *Chemical Bank*, 32 N. Y. 21; *Snyder* v. *Snyder*, 96 N. Y. 88.) These considerations lead to a reversal.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except PARKER, Ch. J., GRAY and HAIGHT, JJ., dissenting.

Judgment reversed, etc.