one of her age, should, in our opinion, have been submitted to the jury.

For the reasons stated, the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

Present: FITZSIMONS, Ch. J., DELEHANTY and SCHUCHMAN, JJ.

Judgment reversed and new trial granted, with costs to appellant to abide event.

---

CHARLES SMITH, Respondent, *v.* THE NEW YORK COOPERAGE CO., LIMITED, Appellant.

(City Court of New York, General Term, May, 1901.)

Pleading — Action by assignee for wrongful discharge — Real party in interest — Non-residence of assignor — Action for wages distinguished — Reply to counterclaim for assignor's failure to account.

Where the plaintiff sues as assignee for value of a claim for damages for wrongful discharge by a foreign corporation and the assignment is denied by the corporation's answer, further allegations thereof that the plaintiff is not the real party in interest are not good as a separate defense as the plaintiff is legally entitled to the claim and its ownership can be fully investigated under the denial of an assignment.

An allegation that the plaintiff's assignor is not a resident of the State of New York does not constitute a defense, since the plaintiff, as a resident, is entitled to sue in our courts although his assignor might not be competent to sue.

An allegation that another party is suing the foreign corporation as assignee of the same assignor in order to recover for the services rendered under the same contract of employment is not good as a separate defense, as an action for a wrongful discharge and one for wages earned before dismissal are independent causes of action.

Where the defendant's counterclaim, that the plaintiff's assignor has failed to account for a part of certain moneys entrusted to him by the defendant for its benefit, is denied by the reply, the plaintiff may go farther and allege and prove affirmatively and as a separate defense to the counterclaim that his assignor has fully accounted for all the moneys thus entrusted to him.

APPEAL from an interlocutory judgment entered herein on March 26, 1901, sustaining the plaintiff's demurrer to the defenses contained in paragraphs V and VI of the defendant's answer, and overruling the defendant's demurrer to the defense contained in the second paragraph of the plaintiff's reply to the counterclaim contained in the ninth paragraph of said answer.

Theall & Beam (John Theall and John F. Forrester, of counsel), for appellant.

Lyman A. Spalding, for respondent.

*Per Curiam.* The construction of the pleadings by the justice at Special Term, upon the argument of the demurrers herein, was clearly right, and the interlocutory judgment should, therefore, be affirmed, with costs, on his opinion.

Present: FITZSIMONS, Ch. J., DELEHANTY and SCHUCHMAN, JJ.

Judgment affirmed, with costs.

The following is the opinion at Special Term:

O'DWYER, J. Demurrer by the plaintiff to the first and second separate defenses set forth in defendant's answer, upon the ground that they are insufficient in law upon the face thereof, and demurrer by the defendant to the separate defense set forth in the amended reply of the plaintiff to the counterclaim alleged in the defendant's answer, upon the ground that the same is insufficient in law upon the face thereof.

The action is brought by the plaintiff, a resident of the State of New York, as assignee of one Orrin R. Whitney, to recover damages for the breach of a contract for employment for the period of one year by the defendant, a foreign corporation, organized under the laws of the State of New Jersey. The first defense contained in the answer alleges that the plaintiff is not the real party in interest, and that his assignor is a nonresident of the State of New York, and the second defense alleges that the plaintiff is not the real party in interest and that there is another action pending against this defendant, brought by one Roach, as assignee of said Orrin R. Whitney. The complaint alleges in the eighth paragraph "that prior to the commencement of this action the said Orrin R. Whitney for value duly sold

and assigned to the plaintiff as aforesaid the claim or demand against the defendant for damages for breach by it of the aforesaid contract of employment ", and by proper denial this allegation is put in issue.    The allegations that the plaintiff is not the real party in interest do not amount to separate defenses, inasmuch as the legal title to the claim is in the plaintiff, and under the denial of the assignment thereof the ownership of the claim can be fully investigated.    Brown v. Powers, 53 App. Div. 251. With respect to the allegation in the first defense, that the plaintiff's assignor is a nonresident of the State, that allegation does not amount to a defense.

If the plaintiff has the legal title to the claim in suit, the fact that the claim was assigned to him for the sole purpose of conferring jurisdiction upon this court as a more convenient way to get the relief desired than would be possible in the courts of the defendant's residence is no bar to the plaintiff's action.    Assuming that the plaintiff's assignor could not maintain this action in the courts of this State, the plaintiff, a resident, may, nevertheless, do so.    Lindheim v. Sitt, 33 Misc. Rep. 62; Jefferson County Bank v. Townley, 159 N. Y. 490.    The statement in the second defense that there is another action pending by one Roach, as assignee, to recover for the services actually rendered under the contract of employment, does not amount to a defense.    The claim for wages earned and due before the dismissal, and for damages for a wrongful dismissal, constitute two separate and independent causes of action, and may be prosecuted separately. Perry v. Dickerson, 85 N. Y. 345.    The counterclaim set forth in the ninth paragraph of the answer alleges that on divers days between the 1st day of June and the 1st day of September, 1899, the defendant delivered, paid over and intrusted to the said Orrin R. Whitney, as its manager aforesaid, to be expended by him for the benefit and for the account of this defendant, and in and about its business, certain sums of money, amounting in the aggregate to the sum of $1,617.61, and that the said Orrin R. Whitney received the same for the purpose aforesaid, and that he has accounted to this defendant for the sum of $984.08 only, which he expended for and on behalf of this defendant, and that at the time of the alleged assignment set out in the complaint, and at the time of the commencement of this action, there was due and owing to this defendant from said Orrin R. Whitney

the sum of $633.43, which he has failed to account for to this defendant. This allegation is denied by the plaintiff in his reply, and then, for a further and separate defense to the counterclaim, alleges " that Orrin R. Whitney, the plaintiff's assignor, has fully and fairly accounted for and paid over to the defendant or to other persons, corporations and firms to its use, any and all moneys which may have been delivered, paid over or intrusted to the said Orrin R. Whitney by the defendant as in said counterclaim alleged." In order to establish its counterclaim, all that the defendant is bound to show is that the moneys claimed to have been paid to the plaintiff's assignor were, in fact, paid to him by the defendant for its use, and upon doing so it may rest. Under the denial the plaintiff would be permitted to disprove the receipt by its assignor of the moneys, and possibly that he had accounted to the defendant therefor, but he would not be permitted to show that he had paid the money so received by him either to the defendant or to others, for the defendant's use, that being a matter of affirmative defense. Andrews v. Moller, 37 Hun, 481; Salisbury v. Stinson, 10 id. 242; Hicks-Alixanian v. Walton, 14 App. Div. 199. The plaintiff's demurrer to the first and second separate defenses contained in the answer of defendant must be sustained, with $20 costs, with leave to defendant to amend within six days upon the payment of costs, and the defendant's demurrer to the separate defense contained in the reply of the plaintiff must be overruled, with $20 costs.