DICKSON *et al. v.* MARK MAYER.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

AFFIDAVIT FOR ATTACHMENT—SUFFICIENCY.

Affidavits to obtain an attachment against the property of a corporation on the ground of an intended fraudulent disposition of its property, in violation of Rev. St. N. Y. pt. 1, c. 18, tit. 4, § 4, prohibiting any transfer by a corporation in contemplation of insolvency, charged that such transfer was to be made under judgments against the corporation, and executions thereon levied on all its property. All the

judgments were recovered on the same day; but it was not shown that they were caused by any officer of the corporation, except that, as to a judgment in favor of the wife of the president, the fact that it was recovered at the instance of her husband was averred in an affidavit, on the belief of the affiant, with allegations that this appeared from statements made by him and by the attorney for the wife; but such statements were not set forth. *Held,* that this was not proof that the husband directed suit to be commenced in the name or for the benefit of his wife, and no violation of the statute was shown; and the attachment must be vacated on motion. BRADY, J., dissenting.

Appeal from special term, New York county.

Action by Edward G. Dickson, John M. Campbell, and James R. Keiser against Mark Mayer, a corporation. Plaintiffs obtained a warrant of attachment against defendant's property, which defendant moved to vacate, on the papers on which it was granted. From an order denying its motion, defendant appeals. Rev. St. N. Y. pt. 1, c. 18, tit. 4, § 4, provides: "Whenever any incorporated company shall have refused the payment of any of its notes, or other evidences of debt, in specie, or other lawful money of the United States, * * * it shall not be lawful to make any transfer or assignment in contemplation of the insolvency of such company to any person or persons whatever; * * * and every such transfer and assignment * * * shall be utterly void."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Milton S. Guiterman,* (*A. Blumenstiel,* of counsel,) for appellant. *Kneeland, Stewart & Epstein* and *Thomas S. Bassford,* for respondents.

DANIELS, J. The defendant was a corporation existing under the laws of this state, and the action was brought by the plaintiff for goods sold and delivered to the company, upon which the amount claimed to be due was the sum of $2,556.56. This amount was stated in the affidavit of one of the plaintiffs to be due to them over and above all counter-claims known to him, or to the plaintiffs. The ground upon which the attachment was issued was that the defendant had assigned, disposed of, and secreted property, or was about to do so, with intent to defraud its creditors; and the affidavit of one of the plaintiffs' attorneys was chiefly relied upon as proof of this intended disposition of the defendant's property. It was not stated or shown in the affidavit that any of the defendant's property had been directly disposed of in this manner, but it was affirmed that judgments had been recovered against the defendant, under which this disposition of its property was intended to be made. What was charged was, in substance, that the defendant was about to transfer or assign its property in contemplation of its existing insolvency, in violation of section 4, tit. 4, c. 18, pt. 1, Rev. St. The manner in which that was to be done was by the recovery of these judgments, and the levy which had been made under executions issued upon them on all the property of the defendant. But as to all the judgments, not recoverd by the wife of Mark Mayer, who was the president of the corporation, no facts whatever were disclosed, or sustained by the affidavits, proving that they had proceeded from any act of this, or any other officer, of the corporation. All that appeared as to those judgments was that they had been recovered on the same day, and executions had been issued and levied on the property of the defendant; and, as to them, this was not sufficient to prove that the defendant was about to transfer or assign any of its property in contemplation of its existing insolvency. *Varnum* v. *Hart,* 119 N. Y. 101, 23 N. E. Rep. 183.

But, as to the judgment recovered in favor of Dessa Mayer on the same day as the others were recovered, the facts were more favorable to the right of the plaintiffs to an attachment. But they still failed to prove that the president of the corporation, who was the husband of this plaintiff, had officially interfered in any manner to induce the commencement of the action, or secure the recovery of the judgment in favor of his wife. That her judgment was recov-

·ered at the instance of her husband was alleged in the affidavit to have been the fact, according to the belief of the person who made it; but that was ·cleat゙y no proof that this, or either one of the other officers of the corporation, had directly interfered to induce the commencement of the suit, or the recov- ·ery of this judgment, for mere belief is no evidence.   The attorney did also ·swear that it appeared from statements of Schlesinger and Mayer at the cred- itors' meeting that Mark Mayer, the president of the corporation, had per- ·sonally procured the commencement of the suit on behalf of his wife; but this part of the affidavit is entitled to no weight or effect, on account of the omis- sion of the statements from which the inference is attempted to be drawn. They should have been set forth, if anything more had taken place than what is afterwards stated in the affidavit, to afford the court an opportunity of de- ·termining whether this conclusion was maintained by any statements made by either of these persons.   It is probable that it was not; for, at the conclu- ·sion of the affidavit, it is added that Schlesinger further stated, at the meeting .in the hearing of Mark Mayer, as follows:   "*Question.* You are attorney for Mrs. Mayer in the suit against Mark Mayer?   *Answer.* Yes, Sir.   *Q.* Did Mr. Mayer authorize you to commence this suit in the name of his wife?   *A.* He authorized me in the name of Mrs. Mayer."   But this did not prove the fact that Mayer did give this authority, for it is no more than the statement ·of the attorney himself, and it does not appear whether Mayer admitted or denied the truth of this statement, or that he acquiesced in its correctness, or by omitting to make any response to it whatever.   In these respects the affi- ·davit is materially defective, for it does not prove the fact to be, and which it was for the plaintiffs to prove, that Mayer did direct this suit to be com- menced in the name, or for the benefit, of his wife.   Without that direction there was not sufficient to present a case of a violation of the statute restrain- .ing the action of corporate officers in assigning and disposing of the property ·of the corporation in contemplation of insolvency.   The order therefore should be reversed, with $10 costs, and the disbursements, and the attachment should ·be vacated.

VAN BRUNT, P. J.   I concur in the result.   I cannot see any reason which ┇prevented the husband of Mrs. Mayer from directing the commencement of ┆the action which resulted in the judgment.

BRADY, J., (*dissenting.*)   The application for the attachment rested upon ┄the allegation that the defendant had assigned, disposed of, and secreted prop- ·erty, or was about to assign, dispose of, and secrete property, with intent to defraud its creditors.   The affidavits upon which the attachment was granted .allege that the defendant is a corporation, and array the recovery of several ┆judgments through the alleged connivance of the defendant, and particularly one in favor of Dessa Mayer, the wife of Mark Mayer, as to which it is al- leged that the defendant, Mark Mayer, authorized the attorney by whom it was procured to commence the suit in the name of his wife.   This was an af- firmative act on the part of the corporation.   It set in motion the legal pro- ·cess by which a judgment was to be obtained against it, and in that respect differs in some respects from the case of *Varnum* v. *Hart,* 119 N. Y. 101, 23 N. E. Rep. 183.   In that case, although the badges of fraud were considered ┄to be ample in the court below, the court of appeals held that, while the cor- poration did no affirmative act, they were not subject to the charge of having violated the statute, (Rev. St. pt. 1, c. 13, tit. 4, § 4,) which prohibits incor- porated companies from making any transfer or assignment in contemplation ·of insolvency.   It was there said that the officers of a corporation were under no legal duty in the case of its insolvency to take measures to procure a dis- ·position of its property, without preference, among all its creditors.   They ┆might, like an insolvent person, permit the creditors to take hostile proceed-

ings, and allow those to obtain preferences who are the most vigilant. Furthermore it was said that the statute contemplates no affirmative action on the part of the corporation, and it cannot be violated by mere silence or omission to act on its part, or the part of its officers; and again, that an insolvent corporation is not obliged to defend any suit brought against it for the sole purpose of defeating a preference, and it may in such case suffer default, and thus allow a judgment to be obtained against it, knowing that the creditor designs to obtain, and will thus obtain, a preference. Such conduct on its part does not constitute a transfer or assignment of its property, and there is nothing in the statute which condemns judgments thus obtained; and, further, it will be observed in that case, that, as to one of the judgments, the directors held a meeting, and resolved that an attorney should be authorized to appear in the action, and offer judgment to the amount claimed. In disposing of that feature of the controversy, the court said that judgment was obtained in consequence of the affirmative action of the corporation, taken for the express purpose of giving the judgment creditor some advantage in its property, and the court assumes, without deciding, that that judgment was in violation of the statute, and therefore void, referring to the case of *Kingsley* v. *Bank*, 31 Hun, 329. The principle recognized in that decision is that any affirmative action on the part of the corporation by which the judgment is obtained is sufficient to render it invalid, as in violation of the statute referred to, and that principle applies to the judgment in favor of Dessa Mayer, which was obtained through the direct agency of the corporation, Mark Mayer having employed the attorney, and authorized him to prosecute it, and was an unlawful preference over the other creditors of the company. *Kingsley* v. *Bank, supra.* It was indeed a more affirmative act than the act of directors in passing a resolution authorizing the attorney to defend and to offer judgment for the amount claimed. Without looking further into the affidavits to see whether there are any other allegations of import, and upon which the attachment might be sustained, it is thought the order appealed from should be maintained, the circumstances attending the procuration of the Dessa Mayer judgment being quite sufficient to uphold it. It was an unlawful attempt to transfer so much of the defendant's property as would be necessary to pay the judgment, and thus to establish an unauthorized preference. It has not been required that it shall be made to appear that the defendant has removed or disposed of all of his property with intent to defraud creditors, but they may proceed by attachment against him, when he has disposed of a part of it with that intent. *Hyman* v. *Kapp*, 22 Wkly. Dig. 310.

For these reasons, the order appealed from should be affirmed.