### PIERCE *v.* MAYER *et al.*

(*Supreme Court, General Term, First Department.* February 11, 1891.)

FRAUDULENT CONVEYANCES—SETTING ASIDE—INJUNCTION.

 In an action by the receiver of an insolvent corporation to set aside judgments against it upon the ground that they were fraudulently obtained on fictitious claims, a preliminary injunction restraining defendants from interfering with the proceeds of the execution sales will not be disturbed where a month after the last advance alleged to have been made by the judgment creditor, and four months after the first advance, no entry appeared on the books of the corporation disclosing any such loans.

Appeal from special term, New York county.

Action by Henry B. Pierce, as receiver of the corporation Mark Mayer, against Dressa Mayer, Charles Kaufman, Daniel E. Sickles, as sheriff of New York county, and Clark D. Rhinehart, as sheriff of Kings county. Defendants Mayer and Kaufman appeal from an order continuing an injunction, *pendente lite,* restraining any disturbance or interference with the proceeds of execution sales in the hands of the defendant sheriffs. For former report, see 11 N. Y. Supp. 820.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Mark M. Schlesinger,* for appellant Mayer. *Blumenstiel & Hirsch,* for appellant Kaufman. *Charles Henry Phelps,* for respondent.

O'BRIEN, J. In an action brought by the attorney general to dissolve the corporation Mark Mayer for insolvency and illegal acts the plaintiff was appointed receiver, and he brought this action to set aside a number of judgments simultaneously obtained by the appellants, upon two grounds: *First,* that the corporation and the other defendants had entered into a conspiracy for the purpose of obtaining a preference in violation of the statute in such case made and provided; and, *secondly,* that said judgments were fraudulent in fact, having been obtained upon claims having no legal existence, or being largely in excess of the amounts actually due. Upon the first ground the question was carefully examined in the case of *Dickson* v. *Mark Mayer,* 12 N. Y. Supp. 359, in which case no proof was offered to substantiate any claim that the indebtedness upon which the judgments are entered was fictitious, and therefore the conclusion reached in that case is not binding in the decision of the case at bar. Without, however, discussing that question again, it is sufficient for the purposes of this appeal briefly to consider the second ground upon which this action is predicated and the injunction order based, viz., fraud in fact upon the part of the defendants in obtaining the judgments upon claims wholly or in part fictitious. It appears from the papers that all the moneys which it is claimed Dessa Mayer loaned to the corporation— amounting to about $4,000—were loaned in the months of March, April, May, and June, 1890. It is sworn to in the affidavit of Whipple, made on the 25th of August, 1890, that in July, 1890, he saw the books of the corporation in Brooklyn, and that there was not at that time any credit to the account of Mrs. Mayer, or any entry in her favor, on any of said books, but that there was a memorandum or slip showing $400 to her credit. The affidavit also showed that the books consisted of ledgers, bills payable book, and a cash-book; the latter showing first entry of all transactions. It may be claimed that by Whipple's affidavit, sworn to September 9, 1890, he has qualified the

foregoing statement; but it will be seen upon an examinaton of his affidavit that he has not in any manner retracted or qualified that which he asserted in his affidavit of August. In his affidavit sworn to in September he states as follows: That in said affidavit (referring to the affidavit sworn to in August) he stated that when he last saw said books of said company the only item to the credit of Mrs. Mayer therein was a slip or memorandum showing $400 to her credit, and that by said allegation it was not his intention to convey the idea that said corporation was only indebted to Mrs. Mayer for $400, but that said books, posted only to March 8, 1890, simply showed an indebtedness to that amount. In a prior portion of the affidavit he states that he only posted said books up to March 8, 1890, and that the last time he saw said books, in July, 1890, they were only posted up to March 8, 1890, and were in Brooklyn. This second affidavit may be entirely true, and yet be not at all inconsistent with the affidavit made in August, because in that affidavit he says that the cash-book did not contain any entry showing any indebtedness to Mrs. Mayer, and in his affidavit of September he says that the posted books did not show any such indebtedness. It is clear that if these moneys had been loaned by Mrs. Mayer at the date stated they would have been entered in the cash-book; and the evidence derived from the affidavits of the affiant Whipple is that in July, 1890, a month after the last advance, and four months after the first, no entry was made in the books of any such loan. This necessarily casts grave suspicion upon the good faith of the claim now made by Mrs. Mayer for these large advances. It may be said that this evidence in respect to the claim of Mrs. Mayer does not affect the good faith of the claim of Kaufman, but it appears from the manner in which the judgments were entered in this case, and the use to which the judgments of both parties were put, viz., to coerce the other creditors into a settlement, that these two parties were acting in concert. For these reasons the order appealed from should be affirmed, with $10 costs and disbursements.

All concur.