ENOS T. THROOP, Appellant, *v.* THE HATCH LITHO-
GRAPHIC COMPANY, Respondent.

*A trustee and stockholder of an insolvent corporation cannot, as a creditor, attach its property.*

A trustee and stockholder of a corporation which has become insolvent cannot, as a creditor thereof, commence an action against such corporation and obtain an attachment against its property upon the ground that the corporation has unlawfully assigned and disposed of its property with intent to defraud its creditors.

A trustee of a corporation is disabled, by the provision of the statute, from, in such manner, securing a preference over other creditors thereof in the payment of his debt.

The fact that such trustee has not been an active trustee in the management of the affairs of the corporation, and has had no influence with the other trustees, and that he has urged his co-trustees to take steps to put the company in the hands of a receiver, and that his co-trustees have conspired together to defraud him and the other creditors of the company, does not change his rights or position or remove his disability in the premises.

APPEAL by the plaintiff Enos T. Throop from an order of the Supreme Court, made at a Special Term thereof held at chambers in the city of New York, and entered in the office of the clerk of the county of New York on the 3d day of July, 1890, vacating the warrant of attachment granted in the above-entitled action, and any and all levy made by virtue thereof on any property of the defendant, substituting James J. Nellis, as receiver of the Hatch Lithographic Company, in the place of the defendant in the action, and directing the sheriff of the county of New York to deliver to him, as such receiver, all property that had been levied upon, or was in possession of said sheriff, by virtue of said warrant of attachment or the levy made thereunder.

*Page & Taft*, for the appellant.

*J. H. Rogan* and *H. F. Lawrence*, for the respondent.

VAN BRUNT, P. J. :

The plaintiff was a trustee and stockholder of the defendant company, which, for many months prior to the application for the attachment in question, was hopelessly insolvent, and being a creditor of the corporation commenced this action and obtained an attachment against the defendant upon the ground that it had unlawfully assigned, disposed of and secreted its property, and was about to unlawfully assign, dispose of and secrete its property with intent to defraud its creditors.

A motion was made to vacate this attachment upon the ground that the plaintiff, being a stockholder and trustee of the company, could not secure a preference over the other creditors in the payment of his debt; which motion being granted, from the order thereupon entered this appeal is taken.

The question involved in this appeal was clearly decided in *Kingsley* v. *First National Bank of Bath* (31 Hun, 329).

It is urged that the language of the court in that case was more sweeping than was necessary to dispose of the questions there involved, and that it cannot be regarded as controlling the decision herein, because Riggs was a director and stockholder, and presumably an active one, and that it did not appear that he had any opposition in the board of directors, and that no defense was interposed to his suit, and judgment was entered by default.

In the case at bar it is claimed that the plaintiff was not an active trustee and had no influence with the other trustees; that three months before he obtained his attachment he urged his co-trustees to take steps to put the company in the hands of a receiver; that during this time he did nothing to secure his debt, and in the meantime the other trustees were conspiring to defraud him and the other creditors, the company being at the time entirely insolvent, having refused the payment of its debts; and, finally, the plaintiff having brought suit and obtained his attachment, the trustees put in an answer, although they allowed all other suits to go by default.

The claim of the counsel, therefore, seems to be that because a trustee is not active in the management of the company, therefore, the disabilities attaching to his office do not prevail, and, also, because his co-trustees are committing frauds upon the creditors in violation of the provisions of the statute, that the statute becomes inoperative as to him.

We fail to see that this condition of affairs makes any difference between the position of the plaintiff in this action and the plaintiff in the case cited.

That the mere fact of acquiescence upon the part of directors in allowing judgments to be taken by default is not a fraud under the statute is distinctly determined by the Court of Appeals in the case of *Varnum* v. *Hart* (119 N. Y., 101).

The disability to seize upon the assets of a corporation attaches upon the *office* of trustee or officer of the corporation, and while an officer may bring his action against the corporation for the purpose of securing an equal division of the assets amongst the creditors of the corporation, he cannot use any judgment obtained by him in such an action for the purpose of obtaining a preference in the payment of his own debt.

The courts have construed the provisions of the statute according to the intention of the legislature, and not according to its strict language. It seems to have been the intention of the legislature to prevent persons occupying confidential relations towards corporations from either directly or indirectly profiting by the information which they may have acquired because of their relation to the corporation, and which information they could use to the detriment of the general creditors of the corporation. Therefore, it has been pro-

vided that where a corporation is insolvent, an officer of such corporation shall be unable to take any of the property of the corporation to pay his particular debt. The malfeasance of his co-trustees does not remove the disability under which he rested because of being a trustee, nor does it repeal the statute, and whatever hardships the plaintiff may have been compelled to submit to they afford no ground for the violation of the salutary rule which has so long prevailed.

The order should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with costs.