ENOS T. THROOP, Appellant, *v.* THE HATCH LITHOGRAPHIC COMPANY, Respondent

The provision of the Revised Statutes (1 R. S. 603, § 4), declaring that whenever any incorporated company shall have refused "payment of any of its notes or other evidences of debt * * * it shall not be lawful for such company or any of its officers to assign or transfer any of the property or choses in action of such company to any officer or stockholder * * * directly or indirectly. for the payment of any debt, and it shall not be lawful to make any transfer or assignment in contemplation of insolvency to any person or persons whatever, and every

such transfer or assignment to such officer, stockholder or other person, or in trust for them or their benefit shall be void," prohibits the acquisition by a director of an insolvent corporation, who is also a creditor, through the process of attachment, of a preferential lien on the corporate assets; and this, although the writ was issued in hostility to and not in collusion with the corporation.

*Varnum* v. *Hart* (119 N. Y. 101), distinguished.

(Argued January 26, 1891; decided February 24, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 8, 1890, which affirmed an order of Special Term vacating an attachment.

This action was brought by plaintiff, who was one of defendant's trustees, to recover money claimed to have been loaned and advanced to it by him. An attachment was granted therein.

The contents of the affidavits on which the attachment was granted and the facts, so far as material, are stated in the opinion.

*Henry W. Taft* for appellant. The warrant of attachment was vacated solely on the ground that it was in derogation of section 4, title 4, chapter 18 of part 1 of the Revised Statutes. An appeal lies to this court. (*Haebler* v. *Bernharth*, 115 N. Y. 459 ; *Dunlap* v. *P. F. Ins. Co.*, 74 id. 145 ; *Bate* v. *McDowell*, 97 id. 646.) The words " assign " and " transfer " in the statute evidently refer to voluntary action, and not to legal proceedings *in invitum*. (*Varnum* v. *Hart*, 119 N. Y. 101 ; *Van Alstyne* v. *Cook*, 25 id. 489.) General creditors are sufficiently protected by the common law against unfair dealing on the part of officers of an insolvent corporation, and they stand in no need of judicial legislation, to be applied to the statute in question. (*Duncomb* v. *R. R. Co.*, 84 N. Y. 190, 198 ; Morawetz on Corp. § 787.) To construe the statute, as was done in the *Kingsley Case* (31 Hun, 329), would be in effect to make it offend the Constitution of the United States, which declares that " no state shall make or enforce any law which shall abridge the privileges or immunities of citizens

of the United States, nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.". (U. S. Const. art. 14, § 1 ; Cooley on Const. Lim. 229, chap. 9.) The two affidavits of the plaintiff, verified February 24, 1890, and May 16, 1890, respectively, which were duly submitted on the argument of the motion, should have been considered by the court. (Code Civ. Pro. § 683 ; *Ives* v. *Holden*, 14 Hun, 402 ; *Palmer* v. *Hussey*, 59 N. Y. 647.)

*J. H. Rogan* and *H. F. Lawrence* for respondent. The order not involving the question of power, or jurisdiction, is not appealable. (*Allen* v. *Mayer*, 73 N. Y. 1; *Cattin* v. *Ricketts*, 91 id. 668.) The warrant of attachment was void. (2 R. S. chap. 18, tit. 4, § 4 : *Kingsley* v. *F. N. Bank*, 31 Hun, 329.)

ANDREWS, J. It is undisputed, and the fact appears in the affidavits upon which the plaintiff's attachment was procured, that the corporation defendant, of which the plaintiff was a trustee and stockholder, was at the time of issuing the attachment and for a long time prior thereto had been hopelessly insolvent to the knowledge of the plaintiff. It also appears by the affidavits that the company while in this condition had executed mortgages on its property, and had given offers of judgment in favor of various creditors with a view of giving preferences contrary to the statute. This was the very fraud upon which the application of the plaintiff for an attachment was based. It is also undisputed that the plaintiff had a valid debt against the company, and that he had protested against the company permitting preferences by mortgage or judgment, and had urged the company to take proceedings for the appointment of a receiver, with a view to the equal distribution of the property of the company among its creditors. The plaintiff, in commencing this action and procuring his attachment, was not acting in collusion with the trustees, but

distinctly in hostility to the board of directors and the other officers of the company.

The question presented is whether, under these circumstances, the attachment issued was in contravention of section 4, title 4, chapter 18, part 1 of the Revised Statutes, which is as follows: "Whenever any incorporated company shall have refused the payment of any of its notes, or other evidence of debt, in specie or lawful money of the United States, it shall not be lawful for such company or any of its officers to assign or transfer any of the property or choses in action of such company to any officer or stockholder of such company, directly or indirectly, for the payment of any debt; and it shall not be lawful to make any transfer or assignment in contemplation of insolvency, to any person or persons whatever; and every such transfer or assignment to such officer, stockholder or other person, or in trust for them or their benefit, shall be void."

With some hesitation we have reached the conclusion that the true construction of the statute prohibits the acquisition by a director of an insolvent corporation, who is also a creditor, through the process of attachment, of a preferential lien on the corporate assets. The general object of the statute is plain, viz., to secure equality among creditors and to prevent fraudulent transfers in fraud of their rights. The statute provides for two cases, *first*, where the corporation has refused payment of its notes, or other evidence of debt, and is in default, it prohibits any subsequent assignment or transfer by the corporation or any of its officers, directly or indirectly, of any of its property, to any officer or stockholder, in payment of a debt, and, *second*, it prohibits any transfer or assignment whatever on any consideration to an officer, stockholder or other person in contemplation of insolvency.

The refusal of a corporation to pay its notes or obligations at maturity, is generally a suggestion of insolvency. But whether such refusal results from a disability of the corporation to meet its obligations, or is based on other reasons, will ordinarily be best known to the officers and stockholders,

and the law for the protection of the body of creditors against favoritism, interdicts the corporation and its officers, while the default continues, from making preferential transfers of the corporate assets to officers or stockholders in payment of debt, irrespective of the fact whether the corporation is then solvent or insolvent.

The actual insolvency of the corporation defendant when the attachment in question was issued is conceded. The only question is, was the procuring by the plaintiff of the attachment lien a transfer or assignment by an officer of the corporation of the corporate property within the statute? The plaintiff, by the attachment and seizure thereunder, secured a preference over other creditors of the corporation. The title to the property levied upon was not changed by the seizure. The attachment was a step in a proceeding which had for its ultimate object the transfer of the title through a sale on an execution upon the judgment which might be obtained in the action, and to enable the plaintiff thereby to realize the payment of his debt. We suppose it cannot be doubted that an assignment of corporate assets may be made under guise of a judgment, and that an attachment lien acquired by the plaintiff with the aid and connivance of the insolvent corporation would be an assignment or transfer of the corporate assets within the statute. The proceeding here was strictly hostile as between the plaintiff and the corporation, and in this it is insisted the distinction lies. We have recently held in *Varnum* v. *Hart* (119 N. Y. 101) that the statute does not restrain one whose relation to the corporation is that of a creditor merely from availing himself of legal proceedings for the collection of his debt, and that he is entitled to a preference acquired in ordinary course of legal procedure, notwithstanding the insolvency of the corporation. This decision would govern here except that the statute not only inhibits an assignment or transfer by a corporation under the circumstances specified, but also by any officer. It is true that the plaintiff, as director only, had no power over the corporate assets. He could neither assign

nor transfer them to himself, or anyone else, by his own act. But the plaintiff, in place of procuring an assignment or transfer by the voluntary action of the corporation, procured what is equivalent by legal process issued on his application. Construing the language of the statute in connection with its obvious policy, we think a construction which disables an officer of an insolvent corporation from acquiring a preferential lien on the corporate assets by legal process is justified. The construction given below is salutary, and in many cases will prevent frauds upon the statute which could not be proved. It seems, moreover, somewhat anomalous that a violation by the corporation of the statute prohibiting preferences among creditors should be the ground upon which another creditor, also a director, should be enabled to obtain a preference. There is ample remedy for the violation of the statute of which the plaintiff complains.

The general question presented here was considered with great care in the case of *Kingsley* v. *First Natl. Bank of Bath* (31 Hun, 329), and the opinion of BARKER, J., in that case presents with great force the reasons for the construction herein given to the statute.

The order should be affirmed.

All concur, except EARL, PECKHAM and GRAY, JJ., dissenting

Order affirmed.