HENRI M. BRAEM et al., Appellants, *v.* THE MERCHANTS'
NATIONAL BANK of Syracuse, Respondent.

While remedies at law, either affirmative or defensive, may be supported
   in behalf of a judgment creditor having a lien upon, or of a purchaser on
   execution sale of tangible personal property transferred by the judg-
   ment debtor in fraud of his creditors, the same rule is not applicable to
   the proceeds received by the fraudulent vendee on sale by him of the
   property; those for the pursuit of the creditor are the subject of equitable
   jurisdiction only.

Plaintiffs recovered a judgment in New York city against a manufacturing
   corporation in Onondaga county, the day following it was docketed in
   said county and execution issued thereon and delivered to the sheriff.

On the day said judgment was recovered defendant took judgment in said county against said corporation, upon acceptance of an offer to allow it in an action commenced that day, an execution was immediately delivered to the sheriff, who then held another execution against the corporation, and he on that day levied upon the personal property of the corporation ; this he subsequently sold, applying the proceeds in payment of the execution first received and the balance upon defendant's execution; he returned plaintiffs' execution *nulla bona.* In an action to recover damages alleged to have been sustained by reason of defendant's unlawful and wrongful acts in obtaining judgment by collusion with the corporation and so obtaining an unlawful preference in violation of the statute (1 R. S. 603, § 4), the court directed a nonsuit. *Held,* no error; that defendant's judgment having been taken according to the forms of law, and being founded upon a valid debt, plaintiffs could not obtain relief in an action at law.

*It seems,* that plaintiffs' remedy, founded upon the alleged invalidity of defendant's judgment, was in equity, by applying to have defendant's execution set aside, or to have sufficient of the proceeds of the sale applied upon their judgment to satisfy it.

*Quinby* v. *Strain* (90 N. Y. 664); *Yates* v. *Joyce* (11 Johns. 136); *Van Pelt* v. *McGraw* (4 N. Y. 110); *Swan* v. *Saddlemire* (28 id. 659), distinguished.

(Argued June 17, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 20, 1889, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Circuit.

On October 7, 1884, the plaintiffs recovered in the City Court of New York against the Syracuse Iron Works, a corporation having its place of business at the city of Syracuse, a judgment for $1,798.38, which was docketed in Onondaga county and execution issued upon it delivered to the sheriff of that county the day following. On October 7, 1884, Mary E. Gere recovered against the Syracuse Iron Works a judgment for upwards of $12,000, execution upon which was delivered to such sheriff at 2:10 P. M. of that day. Those two judgments were recovered in due course of proceedings in actions. On the same seventh day of October the Merchants' National Bank of Syracuse, the defendant, obtained judgment against the Iron Works for upwards of $15,000, and execution upon

it was delivered to the sheriff at 4:30 P. M., and he on that day levied the two last-mentioned executions upon the personal property of the Iron Works. On the 15th day of October, 1884, he sold the property, and after satisfying the execution issued upon the Gere judgment, he applied the residue of the proceeds of the sale, amounting to $13,671.86, upon the bank execution; and on the twenty-seventh of that month the sheriff returned the plaintiffs' execution *nulla bona.* The defendant's judgment was taken upon the acceptance of an offer to allow it in an action commenced on the day of its entry. This action was brought to recover damages alleged to have been sustained by the plaintiffs by the unlawful and wrongful acts of the defendants. The trial court directed a nonsuit.

Further facts are stated in the opinion.

*Wm. C. Holbrook* for appellants. The Iron Works being insolvent at the time the offer to allow judgment in favor of the bank was made, the offer and the judgment entered thereon and all proceedings subsequently had thereunder, were in contravention of the statute and, therefore, in the language of the statute were " utterly void." (1 R. S. 603, § 4 ; *Kingsley* v. *F. N. Bank,* 31 Hun, 329 ; *Throop* v. *H. L. Co.,* 35 N. Y. S. R. 816 ; *N. B. Bank* v. *W. M. Co.,* 37 id. 102 ; *Harris* v. *Thompson,* 15 Barb. 62 ; *Loring* v. *U. S. N. G.,* etc., 30 id. 644 ; 36 id. 329 ; *Robinson* v. *Bank of Attica,* 21 N. Y. 405 ; *Sibell* v. *Remsen,* 33 id. 95.) Defendant's judgment being void *ab initio,* it did not prevent the lien of plaintiffs' execution from attaching, as alleged in the complaint. (*Yates* v. *Joyce,* 11 Johns. 135 ; *Brown* v. *Feeter,* 7 Wend. 301 ; *Van Pelt* v. *McGraw,* 4 N. Y. 110 ; *Kerr* v. *Mount,* 28 id. 659 ; *Butts* v. *Edwards,* 2 Denio, 164 ; *Aldridge* v. *Stuyvesant,* 1 Hall, 216 ; *Whitney* v. *Sterling,* 14 Johns. 214 ; *In re Bank of Rome,* 17 Wend. 557 ; *Marsh* v. *White,* 3 Barb. 518 ; *Meredith* v. *Benning,* 1 H. & M. 585 ; *Mott* v. *Danforth,* 6 Watts, 304 ; *Penrod* v. *Morrison,* 2 P. & W. 126 ; *Quimby* v. *Strauss,* 90 N. Y. 664 ; *Russell* v. *Gray,* 11 Barb. 543 ;

*Henderson* v. *Cairns*, 14 id. 15.) It is wholly immaterial whether or not the sheriff made an actual levy under plaintiffs' execution. (*Dean* v. *Campbell*, 19 Hun, 534; *Davidson* v. *W. G. L. Co.*, 99 N. Y. 558; *Pyle* v. *Pennock*, 2 id. 390; *Christian* v. *Dupps*, 28 Penn. St. 271.) The appointment of Hubbell as temporary receiver was void by reason of the failure to give notice of the application for his appointment to the attorney-general as required by section 8, chapter 378, Laws of 1883, entitled "An act in relation to receivers of corporations." (*Whiting* v. *N. Y. & A. R. Co.*, 32 Hun, 164; *Brown* v. *Mayor, etc.*, 3 id. 685; *Risley* v. *P. Bank*, 83 N. Y. 318.) Even if Hubbell's appointment as permanent receiver in December was valid his title to the property of the Iron Works did not relate back so as to vest him with title thereto as of the time he was appointed temporary receiver, or as of the time of the commencement of the action in which he was appointed receiver. (*Chamberlain* v. *R. S. P. Co.*, 7 Hun, 557; *A. Bank* v. *Treadwell*, 34 Barb. 553; 25 N. Y. 489.)

*Wm. G. Tracy* for respondent. An action at law cannot be maintained by a simple contract creditor to recover damages alleged to have been sustained by the wrongful act of another creditor in interfering with the property of his debtor. (*Adler* v. *Fenton*, 24 How. [U. S.] 407; *Moran* v. *Dawes*, Hop. Ch. 365; *Murtha* v. *Curley*, 15 J. & S. 393; *Lamb* v. *Stone*, 11 Pick. 526; *Merrill* v. *Englesby*, 28 Vt. 150; *Moody* v. *Barton*, 27 Me. 427; *Hutchins* v. *Hutchins*, 7 Hill, 104; *Austin* v. *Burrows*, 41 Conn. 287; *Smith* v. *Blake*, 1 Daly, 258.) If the judgment in question was a transfer in contemplation of insolvency, it was not wholly void, but voidable only at the instance of a receiver representing all the creditors of the company. (*Merrill* v. *Englesby*, 28 Vt. 150; *Bromley* v. *Goodrich*, 40 Wis. 100; *Green* v. *Kemp*, 13 Mass. 515; *Anderson* v. *Roberts*, 18 Johns. 525; *Henriques* v. *Hone*, 2 Edw. Ch. 120; *Rappelye* v. *Int. Bank*, 93 Ill. 396; *Kearney* v. *Vaughan*, 59 Mo. 287; *Lyon* v. *Robbins*, 46 Ill. 279; 2 R. S.

137, § 9; *Castle* v. *Lewis*, 78 N. Y. 131; *Thurber* v. *Blanck*, 50 id. 80; *Kingsley* v. *N. Bank*, 31 Hun, 329; *Brouwer* v. *Harbeck*, 9 N. Y. 589; *Robinson* v. *Bank of Attica*, 21 id. 406; *Varnum* v. *Hart*, 119 id. 101; *Morgan* v. *N. Y. & A. R. R. Co.*, 10 Paige, 290; *Towne* v. *A. F. Ins. Co.*, 6 id. 482.) No intent is shown to injure or damage the plaintiffs or their property. (*Kimball* v. *Harman*, 34 Md. 407.) The appointment of Hubbell as temporary receiver and filing his bond before the issuing of plaintiff's execution vested him with title to the property. (Waite on Insolv. Corp. § 197.) Upon the appointment of Hubbell as permanent receiver, his title related back to the commencement of the action in which he was appointed. (*In re Berry*, 26 Barb. 55; *Atlas Bank* v. *Nahant Bank*, 23 Pick. 480; *Montgomery* v. *Merrill*, 18 Mich. 338; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340. As there was sufficient property out of which the sheriff might have made plaintiff's execution, when he returned it unsatisfied, they cannot recover. (*Davidson* v. *W. G. L. Co.*, 99 N. Y. 558.)

Bradley, J. The relief sought by this action at law, as appears by the complaint, was founded upon the charge that the defendant, intending to injure the plaintiffs and to prevent their having satisfaction of their judgment, wrongfully, collusively and fraudulently commenced its action, and by collusion with the officers or agents of the Syracuse Iron Works obtained its offer to allow it to take judgment therein, accepted it and caused judgment to be entered and execution to be issued and levied upon the property of the iron-works; and that with the like intent afterwards wrongfully caused the property to be sold by virtue of such execution issued upon the judgment, which, having been so obtained in fraud of the statute, was void, by reason whereof the lien of the plaintiffs upon the property was defeated, lost and destroyed. And for the support of the action the plaintiffs relied upon the statute, which provides that: "Whenever any incorporated company shall have refused payment of any of its notes, or other evidences of debt  *  *  *

it shall not be lawful for such company, or any of its officers, to assign or transfer any of the property or choses in action of such company, directly or indirectly, for the payment of debt; and it shall not be lawful to make any transfer for assignment in contemplation of the insolvency of such company to any person or persons whatever; and every such transfer and assignment to such officer, stockholder or other person, or in trust for them or their benefit, shall be utterly void." (1 R. S. 603, § 4.) The purpose of the statute was to deny to insolvent associations the right to give preference to any of its creditors, or, in contemplation of insolvency, to transfer its property. When the defendant proceeded to take judgment against the iron-works, the commercial paper of that company had been protested and the company was insolvent. And it may be assumed that the offer of judgment to the bank was made to give it an unlawful preference, and, so far as it could be, it was accomplished by the judgment entered upon the acceptance of the offer and the issuing of execution to the sheriff; and the preference sought by the iron-works to be given the defendant was in violation of the statute. (*Kingsley* v. *First National Bank of Bath*, 31 Hun, 329; *Throop* v. *Hatch L. Co.*, 125 N. Y. 530.) The only question essentially for consideration on this review is whether the plaintiffs were entitled to relief in this action at law, and for that purpose the cause of action as alleged in the complaint cannot here be modified. They had a judgment properly recovered against the company. It was docketed in Onondaga county and execution upon it issued to the sheriff the day following that on which the defendant's judgment was docketed and execution upon it issued to the sheriff; and on that day there was also an execution, the first that came to his hands, upon Mary E. Gere's judgment against the iron-works, levied upon the property. The validity of this judgment is not questioned. At the time of the commission by the iron-works company of the unlawful act complained of, the plaintiffs had no lien upon the property. When their execution came to the sheriff, the property was in his custody, and unless otherwise directed, he

would necessarily apply the proceeds of its sale upon the executions in the order they were received by him. (Code, § 1406; *Peck* v. *Tiffany*, 2 N. Y. 451.) The sale was lawfully made by the sheriff on the fifteenth of October, and in performance of his apparent duty he applied the proceeds first to the satisfaction of the Gere execution, and the residue upon that of the defendant in satisfaction of it *pro tanto*, and twelve days later returned the plaintiffs' execution wholly unsatisfied. The plaintiffs' remedy, founded upon the alleged invalidity of the defendant's judgment, was to seek to obtain the payment of theirs from the proceeds of the sale in excess of the amount requisite to satisfy the Gere execution. In that view it is insisted that, subject only to that execution, they, by their execution, acquired a lien upon the property; and that the apparent situation represented by the priority of the defendant's execution was on its part wrongful, and enabled it unlawfully to take the proceeds of the sale to which the plaintiffs were entitled. It may be assumed that the defendant's execution may, upon a proper application to the court, have been set aside, or that its direction may have been obtained to apply sufficient of such proceeds in excess of the amount of the Gere judgment upon the plaintiffs' execution to satisfy it, or that in equity they may have had like relief. But this is in the nature of an action on the case, and its purpose was to recover damages which the plaintiffs claim to have suffered by the alleged tortious and wrongful act of the defendant in taking its judgment and issuing execution upon it, thus apparently defeating the lien of their execution and the benefits which they otherwise would have derived from it. The cause of action alleged may have had its support in this proposition if the defendant's execution had been without any judgment for its support. Then it may have come within the doctrine of *Quinby* v. *Strauss* (90 N. Y. 664). This, however, was not the situation. The defendant's judgment was taken according to the forms of law, and was founded upon a valid debt due it from the judgment debtor. It was the act of the company in making the offer of judgment, and that alone which violated the stat-

ute and made the judgment a fraud upon the law intended to give equality of rights to creditors of insolvent corporations. (*Varnum* v. *Hart*, 119 N. Y. 101.) And upon proper application of a creditor, or of some representative of its creditors, the judgment would, for the purposes of relief from its effect, be judicially treated and declared void. As before remarked, when the inhibited act of the company gave the defendant the opportunity to take the judgment, and when the execution was placed in the sheriff's hands, the plaintiffs had no lien upon the property, and, therefore, no right of theirs was then in the legal sense invaded. The plaintiffs' cause of complaint arose when their execution was issued, and that of the defendant apparently had precedence by reason of priority in time of its reception by the sheriff. After the plaintiff's execution was issued the defendant did nothing to prejudice the rights of the plaintiffs other than to receive the money applied upon its execution, and this it received upon a claim of right arising out of the execution of its judgment. While the defendant may, as to the plaintiffs, have been treated as trustee *ex maleficio* of the fund for the purposes of equitable relief, it is not seen that there was any invasion by the defendant of any legal rights of the plaintiffs in the property of the iron-works to support the action in the form it was brought or for the cause alleged. (*Moody* v. *Burton*, 27 Me. 427; 46 Am. Dec. 612; *Lamb* v. *Stone*, 11 Pick. 527; *Moran* v. *Dawes*, Hop. Chy. 365.) A different question would have been presented if an existing lien of the plaintiffs had been impaired or divested by the act of the defendant. Such was the situation, and that was an essential fact in *Yates* v. *Joyce* (11 John. 136) and *Van Pelt* v. *McGraw* (4 N. Y. 110). And in *Swan* v. *Saddlemire* (8 Wend. 676), also cited by the plaintiffs' counsel, the owners of property taken on void process had their remedy at law. In the present case the property was duly in the custody of the sheriff at the time the execution was received by him, and the property was lawfully sold by the sheriff. The only question then to arise had relation to the proceeds of the sale, and did not concern the prop-

erty itself, and they, to the extent of the plaintiffs' claim after payment of the Gere judgment, may properly have been made the subject of contest between the plaintiffs and defendant. Nothing back of the sale then had any practical significance except in its bearing upon the matter of the disposition of the fund. And while remedies at law, either affirmative or defensive, may be supported in behalf of the judgment creditor having a lien upon, or a purchaser on execution sale of tangible personal property transferred by the judgment debtor in fraud of his creditors before the levy, the same rule is not applicable to the proceeds received by the fraudulent vendee on sale by him of the property. They, for the pursuit of the creditor, are the subject of equitable jurisdiction only. (*Lawrence* v. *Bank of the Republic*, 35 N. Y. 320.) The sale by the sheriff was valid, and title to the property passed to the purchaser relieved from the lien of the executions. Then the proceeds remaining after satisfying the Gere judgment, alone became the subject for controversy. They went to the defendant by means of an apparent lien upon the property through the operation and execution of the judgment given to it by the Iron Works Company in fraud of the statute and thus of the other creditors of the latter. On that assumption, when the identity of the property of the company was lost to the plaintiffs, they may, for the purposes of equitable remedy and relief, have treated the defendant as trustee of the fund. And the question whether an action for money had and received may or may not have been sustained by the plaintiffs does not here arise, and, therefore, is not considered. The court below did not treat the case in that aspect, and was not required to do so upon the issues presented by the pleadings. It was there held that the alleged cause of action in tort was not sustained, and in that there was no error.

Without considering any other question, these views lead to the conclusion that the judgment should be affirmed.

All concur, except Vann, J., not sitting.

Judgment affirmed.