## HILL *v.* KNICKERBOCKER ELECTRIC LIGHT & POWER CO.

### (*Supreme Court, General Term, First Department.* March 31, 1892.)

1. CORPORATIONS—INSOLVENCY—DEBTS TO OFFICERS—STATUTES.
    As the statutes of the state can have no extraterritorial jurisdiction, a corporation organized under the laws of another state is not subject to the provision of 3 Rev. St. (8th Ed.) p. 1729, § 4, forbidding insolvent corporations to transfer any property to their officers or stockholders for the payment of any debt.

2. SAME—ATTACHMENT.
    The equitable and common-law disabilities of the directors of an insolvent corporation, with respect to securing payment of debts due to them from the corporation, apply only to the giving of preferences, and do not prevent them from proceeding by attachment or other legal process.

Appeal from special term, New York county.

Action by Frederick M. Hill, commenced by attachment, against the Knickerbocker Electric Light & Power Company, a corporation organized under the laws of West Virginia, to recover for personal services. From an order denying a motion to vacate the attachment defendant appeals. Affirmed.

For decision on appeal from order denying a former motion to vacate an attachment, see 14 N. Y. Supp. 517.

The affidavits accompanying the motion to vacate set forth the fact that, when said warrant of attachment was obtained, the plaintiff was a director and officer of the defendant, and that the defendant was a hopelessly insolvent corporation, to the end that its assets might be impartially distributed to its creditors. The motion was resisted by the plaintiff solely on the ground that the defendant was solvent. Mr. Justice LAWRENCE practically decided the motion in defendant's favor, but refused to decide the issue raised by the affidavits, and suggested the appointment of a referee to report as to the question of the insolvency of the defendant. Thereupon an order of reference to Theodore Connolly was made and entered, directing him to take testimony as to the insolvency of the defendant corporation, and to report thereon with all convenient speed. The referee reported, after taking voluminous testimony, that the company was insolvent, giving ample and sufficient reasons for the conclusions arrived at by him. On the coming in and filing of this report the defendant moved to confirm the referee's report, and to vacate the attachment. This motion coming on to be heard before Mr. Justice LAWRENCE, the plaintiff's counsel, for the first time, raised the point that the warrant could not be vacated on the ground of defendant's insolvency, on the ground that the defendant was a foreign corporation, and therefore the statute of this state did not apply, and cited the case of *Coats* v. *Donnell*, 94 N. Y. 168. Thereupon the motion was adjourned by Mr. Justice LAWRENCE in order that the question thus raised might be more fully presented. The motion then came on to be heard before Mr. Justice INGRAHAM, who thereupon denied the same, with $10 costs, and $43.04 disbursements; it having been stipulated that each party should pay one half of the stenographer's fees as the proceeding progressed, and that the successful party should tax the stenographer's fees, so paid by him, as a part of the expenses of the reference, and that such disbursement shall be allowed to the successful party in the final order. From this order defendant appeals to this court.

*Gruber & Landon,* (*Alfred R. Page,* of counsel,) for appellant, contended that plaintiff, being a director of an insolvent corporation, could not lawfully obtain a preference by attachment. They based their proposition on two grounds: *First,* upon 3 Rev. St. (8th Ed.) p. 1729, § 4, which provides that, "whenever any incorporated company shall have refused the payment of any of its notes or other evidences of debt in specie or lawful money of the United States, it shall not be lawful for such company, or any of its officers, to assign or transfer any of the property or choses in action of such company to any officer or stockholder of such company, directly or indirectly, for the payment of any debt; and it shall not be lawful to make any transfer or assignment in contemplation of insolvency to any person or persons whatever, and any such transfer or assignment to such officer, stockholder, or other person, or in trust for them or their benefit, shall be utterly void." And, *second,* upon the legal and equitable doctrine that a director of a corporation certainly occupies a fiduciary relation, and is bound by the rules and principles relating to the conduct of persons holding such position with respect to his dealings with the corporation and corporate properties.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Gruber & Landon,* (*Alfred R. Page,* of counsel,) for appellant. *Amundson & Ward,* (*John A. Amundson,* of counsel,) for respondent.

PER CURIAM. It has been held by repeated adjudications that the statutes of this state have no extraterritorial jurisdiction long before the case of *Coats* v. *Donnell*, 94 N. Y. 168, which merely reiterated that rule. Consequently the provisions respecting corporations contained in the Revised Statutes have no application to the plaintiff in this case, he being a director of a foreign corporation, against which he is proceeding to collect his debt. Neither do the principles adverted to by the counsel for the appellant, in respect to the disabilities of directors and trustees of corporations. These disabilities simply apply to the giving of preferences by the corporation, and not to the ordinary procedure at law taken by a creditor of the corporation, although he may be an officer, for the purpose of securing his debt. That such was the rule at common law seems to be recognized by the court of appeals in the case of *Throop* v. *Hatch Lith. Co.*, 125 N. Y. 530, 26 N. E. Rep. 742, the disability of the director in that case being expressly based upon the provisions of the statute. We think, therefore, that there was no ground presented for the vacation of the attachment, and that the order appealed from was correct. It has been urged upon the court that the appellant should be relieved from some of the hardships he has suffered, arising from the action of the special term in directing a reference upon the motion to vacate the judgment. We are unfortunately unable to relieve the appellant from the burdens which were thus imposed upon him, but because of them the order in question should be affirmed, without costs.