## BICKNELL v. SPEIR.

*(Common Pleas of New York City and County, General Term.*  April 4, 1892.)

**1. REVIEW ON APPEAL—VACATING ATTACHMENT.**

    Upon an appeal from an order of the city court denying a motion to vacate an attachment, the court of common pleas is limited to the inquiry whether there is an entire absence of facts justifying the issuing of the warrant.

**2. CORPORATIONS—FRAUDULENT CONVEYANCES.**

    A company conveyed all its property to one of its largest creditors, ostensibly for him to manage and pay all the creditors ratably and in full, and turn over the surplus to the company, but this understanding was not evidenced by writing. Shortly after the transfer, the transferee took possession of all the property and business of the company, and shipped out of the state some of the property needed to complete work in progress. The company had a large floating debt; there were first and second mortgages on its property; and judgments had been entered against it. *Held* that, as a corporation is, by 1 Rev. St. p. 603, § 4, unable to make a valid assignment for an equitable division of assets among its creditors, the attempt to make such transfer was proof of an intent to defraud creditors sufficient to sustain an attachment against the property of the company.

**3. ATTACHMENT AGAINST CORPORATION—CLAIM OF OFFICER.**

    On an attachment against property of a company by the assignee of a claim against it, the only evidence as to the relation of the assignor to the company was that he "took charge of the company as manager of the business" during a certain period. *Held,* that this did not show the claim to be a claim of an officer of the company, an attachment for which would contravene 1 Rev. St. p. 603, § 4, as giving to an officer a preferential lien on the corporate assets.

Appeal from city court, general term.

Action by Henry G. Bicknell against the Vertical Tube Boiler Company for money loaned. Defendant appeals from an order of the general term of the city court, affirming an order of that court denying a motion to vacate an attachment. Affirmed:

The action was originally commenced against the Vertical Tube Boiler Company, a domestic corporation, to recover $1,500, and interest from November, 1890, money loaned to the company by the plaintiff's assignor, Clinton E. Jackson, who was then the manager of the company. Upon the affidavit of the plaintiff and George E. Woodworth an attachment was granted on December 23, 1890, against the property of the company, on the ground that it had disposed of its property with intent to defraud its creditors. After the attachment was granted, and on December 31, 1890, proceedings were begun in the superior court of the city of New York for the voluntary dissolution of the company, resulting in the appointment of Gilbert M. Speir, Jr., as receiver of the company. The receiver was substituted as defendant, and in October, 1891, moved to vacate the attachment upon the affidavits of J. C. O'Connor, Jr., Edward P. Steers, Thomas W. Crawford, and Frank L. Froment. The motion was denied, and such denial was affirmed by the general term of the city court.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*John C. O'Connor, Jr.,* for appellant. *Bullard & Shannon, (E. F. Bullard,* of counsel,) for respondent.

DALY, C. J. Upon an appeal from an order of the general term of the city court denying a motion to vacate an attachment, we are limited to the inquiry whether there is an entire absence of facts justifying the issuing of the warrant. If the decision of the court below is dependent upon inferences to be drawn from the facts stated, we cannot disturb it. *Stringfield* v. *Fields,* 13 Daly, 171; *Allen* v. *Meyer,* 73 N. Y. 1. The attachment here was granted on the ground that the Vertical Tube Boiler Company had disposed of its property with intent to defraud its creditors. That the company had actually conveyed all its property to one Froment is not denied. The question is whether the affidavits contained facts from which the alleged fraudulent intent was to be inferred. "It is not always practicable to establish by proof the existence of a fraudulent intent on the part of the debtor. Direct proof of the fact can rarely be obtained, and when it is established it must ordinarily be inferred from circumstances." *Stevens* v. *Middleton,* 26 Hun, 470. We cannot reverse this order unless there is no evidence legitimately tending to establish intent, or the natural inferences to be drawn from the facts do not necessarily lead to the presumption of such intent. *Morris* v. *Talcott,* 96 N. Y. 100.

It is to be observed, in the first place, that the motion to vacate the attachment was not made upon the affidavits upon which it was granted, but upon proof by affidavit on the part of the defendant, and that this allowed the plaintiff to oppose new proof to sustain the attachment upon the ground stated in the warrant, (Code, § 683,) and that the plaintiff availed himself of this right, and introduced new affidavits in support of his case. Without reciting in full all the facts set forth in the plaintiff's proofs, and the answers and explanations contained in the defendant's affidavits, it is sufficient to say that the decision of the city court was based upon proofs of facts legitimately tending to establish an intent on the part of the defendant corporation, in making the transfer of its property to F. L. Froment, to put its property out of the reach of its creditors, and this was a fraudulent intent. The explanation given by the directors is that they were dissatisfied with their manager, and believed that if the works were properly carried on the company would be entirely solvent; that Mr. Froment was a man of experience in the business, and the whole property of the company was turned over to him to manage, upon the understanding that he was to pay the creditors ratably and in full, and turn over the surplus to the company. The facts before the court were: That no such agreement on Mr. Froment's part was evidenced by any writing, and the conveyance to him was absolute on its face; that he was a large creditor of the company to the amount of $13,000; that there was a conflict of testimony between the book-keeper of the company and Mr. Froment, as

to whether the latter had declared his intention of satisfying his own claim first, and then dividing any balance among the creditors; that Mr. Jackson, the plaintiff's assignor, testified ·to a similar declaration of Mr. Froment to him, with other facts, showing knowledge, on the part of the trustees, of the illegality of the proposed transfer; that the condition of the company at the time of the transfer was this: There was an outstanding mortgage upon its real estate upon which $15,000 was due; it owed $29,000, floating debt; it had just made a second mortgage for $75,000 to the Holland Trust Company, and transferred $35,000 of the bonds thereof to one of its trustees, Steers, to secure him for advances; it had been sued upon a demand for $146.25, upon which judgment was entered a few days after the transfer; 10 other judgments were entered against the company the month succeeding the transfer; and that, shortly after the transfer, Mr. Froment took possession of all the property and business of the company, and began to ship some of the property out of the state, and that the property so shipped out of the state was needed to complete contracts for work then in progress. It was also manifest to the court that the transfer by the company to its director, Mr. Steers, of $35,000 of its bonds, to secure or pay its indebtedness to him, and the transfer by the company to Mr. Froment of all that was left of its assets, were both prohibited by the statute forbidding transfers by corporations in contemplation of insolvency, and were utterly void. 1 Rev. St. p. 603, § 4;[1] *Throop* v. *Hatch L. Co.*, 125 N. Y. 530, 26 N. E. Rep. 742. An attempted assignment by an insolvent individual of all his property for the benefit of his creditors, which assignment was void in law, would not, by itself, justify an inference of intent to dispose of property with intent to defraud creditors, (*Milliken* v. *Dart*, 26 Hun, 24;) but this is because the debtor had a right to make an insolvent assignment, in order to secure an equitable division of his property, or even to give preferences, and his creditors may be necessarily hindered or delayed thereby; and the fact that the assignment fails through the incorporation of an invalid provision in the instrument will not authorize the conclusion that his intent was fraudulent. But a corporation can make no valid assignment for the purpose of securing equitable division of assets among its creditors, or to prevent one creditor by diligence gaining advantage over another,—*National Broadway Bank* v. *Wessell Metal Co.*, (Sup.) 13 N. Y. Supp. 744;—and the attempt of the corporation to make such a transfer must be manifestly, of itself, proof of an intent to deprive its creditors of the fruits of their diligence, of their legal remedies, and of satisfaction of their debts out of the property which the law subjects to payment. How is such an intent to be distinguished from an intent to defraud the creditors, who may lose all or some part of their debt if the unlawful purpose of the corporation could have been carried into effect?

It is urged that the claim sued upon, which accrued to the plaintiff's assignor, Jackson, is the claim of an officer of the company, and that no attachment will lie for such a claim because it would, in effect, give such officer a preferential lien on the corporate assets in contravention of the statute already cited. *Throop* v. *Hatch L. Co.*, above. The only evidence as to the position held by Jackson is that he "took charge of the company as manager of the business" from April to November, 1890. We are not referred to any evidence that he was an officer. The presumption from the papers is that he was an employe only. The order should be affirmed, with costs.

[1]Rev. St. p. 603, § 4, provides: "Whenever any incorporated company shall have refused the payment of any of its notes or other evidences of debt, in specie or lawful money of the United States, it shall not be lawful for such company or any of its officers to assign or transfer any of the property or choses in action of such company to any officer or stockholder of such company, direct or indirectly, for the payment of any debt; and it shall not be lawful to make any transfer or assignment, in contemplation of the insolvency of such company, to any person or persons whatever; and every such transfer and assignment to such officer, stockholder, or other person, or in trust for them or their benefit, shall be utterly void."