(3 Misc. Rep. 418.)
WORTHINGTON CO. et al. v. PFISTER BOOK-BINDING CO. et al.

(Superior Court of New York City, General Term. May 1, 1893.)

FOREIGN CORPORATIONS—ASSIGNMENTS TO OFFICERS.
Since the statutes of a state have no extraterritorial effect, Laws 1890, c. 564, § 48, providing that no corporation which shall have refused to pay any of its obligations when due shall assign any of its property to any of its officers, directors, or stockholders, for the payment of any debt, does not apply to foreign corporations.

Action by the Worthington Company and others against the Pfister Book-Binding Company and others. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

Sutphen & Sutphen, for appellants.

B. Littell, for respondents.

FREEDMAN, J. The relief granted by the judgment appealed from is based upon section 48, c. 564, of the Laws of 1890, entitled "An act in relation to stock corporations, constituting chapter thirty-eight of the General Laws," which took effect May 1, 1891. Under section 72 of the same act the section first referred to is to be construed as a continuation of the law as existing April 30, 1891, modified or amended according to the language employed in said chapter, and not as a new enactment. In fact, section 48[1] is substantially the same as section 4, tit. 4, c. 18, pt. 1, of the Revised Statutes, as amended by section 1, c. 245, of the Laws of 1880. By this statutory provision certain transfers or assignments of stock or of the property of a corporation covered by it are prohibited. The general assignment for the benefit of creditors, made and executed September 24, 1891, by the Pfister Book-Binding Company, was held to have been made and executed in violation of this statute, and the attachment and all the proceedings in the action commenced in the supreme court in the name of Hotchkiss against the said company were also held to come within the prohibition of the said statute, because they were instituted and maintained for the benefit of the defendant Avery, who was an officer, director, and stockholder in the company. The Pfister Book-Binding Company is a foreign corporation, organized under the laws of the state of West Virginia, but located and having its principal office for the transaction of business in the city of New York. A corporation has its domicile and residence only within the bounds of the sovereignty which created it, and is incapable of passing personally beyond that jurisdiction. Plimpton v. Bigelow, 93 N. Y. 592. On the other hand, it is finally settled that the statutes of this state have no extraterritorial force. No maxim of the law has been more firmly established by the decisions of the courts of all countries than "leges extra territorium non obligant." It must be conceded, however, that a state may make any laws deemed beneficial for itself or its citizens in reference to foreign corporations wishing to do business within the state, whether relating to jurisdiction over them, or to the terms and conditions upon which they may transact business within such state, even to the extent of absolute exclusion. Bank v. Earle, 13 Pet. 519; Paul v. Virginia, 8 Wall. 168; Philadelphia Fire Ass'n v. New York, 119 U. S. 110, 7 Sup. Ct. Rep. 108. But the power of the court to reach,

---

[1] Laws 1890, c. 564, § 48, provides: "No corporation which shall have refused to pay any of its notes or other obligations when due, in lawful money of the United States, nor any of its officers or directors, shall assign any of its property to its officers, directors, or stockholders, directly or indirectly, for the payment of any debt," etc.

by its process, the property of a foreign corporation within the limits of this state, depends entirely upon statutory enactment, and does not proceed from any inherent or general jurisdiction which the court possesses. Oliver v. Manufacturing Co., (Sup.) 10 N. Y. Supp. 771. The fundamental question involved in the case at bar, therefore, is whether the statute in question applies to a foreign corporation. In terms it does not, and under the decisions of Coats v. Donnell, 94 N. Y. 168, and Hill v. Power Co., (Sup.) 18 N. Y. Supp. 813, it cannot be construed so as to have such application, and consequently the Pfister Book-Binding Company, as a foreign corporation, was not bound by it. These authorities are decisive upon the point, and hence the argument that foreign corporations who do business within this state, should be made to conform to and obey its laws is without force in the present case. In the case of Hill v. Power Co., supra, it was further held by the general term of the supreme court that the disabilities imposed by the statute upon the directors and trustees of every corporation covered by the statute simply apply to the giving of preferences by the corporation, and not to the ordinary procedure at law taken by a creditor of the corporation, although he may be an officer, for the purpose of securing his debt. I can perceive of no good reason why we should hold differently. For the reasons stated, the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.