THE JEFFERSON COUNTY NATIONAL BANK, Respondent, v. MARGARET A. TOWNLEY and HUGH C. TOWNLEY, Appellants, Impleaded with THE EUREKA CHEMICAL COMPANY.

*Insolvent corporations — preferences in favor of an officer — illegal scheme — equitable relief.*

An officer of an insolvent corporation is prevented by the terms of the Revised Statutes (Part 1, chap. 18, tit. 4, § 4) from acquiring a preferential lien on corporate assets by legal process.

In an action brought by a judgment creditor of the Eureka Chemical Company to set aside a judgment recovered by Margaret A. Townley against that corporation, it appeared that both she and her husband were stockholders in the corporation; that her husband was its secretary, treasurer and manager; that he had claims against it for services and for advances; that the corporation was insolvent to the knowledge of both the husband and the wife; that he assigned his claims to his wife; that actions were brought by her against the corporation; that the papers therein were served upon him as one of its officers, and that this fact was kept secret until judgments by default had been entered in such actions against the corporation and executions thereon had been issued and levied.

*Held,* that the transaction was in violation of the statute, as an attempt to secure an unlawful preference over other creditors of the corporation;

That the equitable powers of the court could properly be invoked to declare void the judgments in question.

APPEAL by the defendants, Margaret A. Townley and another, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Onondaga on the 22d of January, 1895, upon the decision of the court rendered after a trial at the Onondaga Special Term.

The appellants are husband and wife, and each became stockholders in the defendant corporation. On the 12th day of March, 1888, the appellant Margaret A. Townley executed a formal assignment of her thirty shares of stock to her husband. The full transfer of the stock on the books of the corporation and the issuance of the scrip therefor were not completed. On March 21, 1888, the husband, in a letter to F. C. Eddy, giving a list of the stockholders of the corporation, enumerated Mrs. H. C. Townley as the owner of thirty shares of stock. On the 17th day of September, 1889, and subsequently, Hugh C. Townley was a stockholder of the defendant corporation, and was secretary, treasurer and manager of the company, and held claims for services and an indebtedness against the corporation, as well as for advances made; and the evidence seems to indicate that after he and his wife knew of the insolvency of the corporation they entered into a scheme to circumvent the provisions of the statute which prohibited him from acquiring, by transfer or otherwise, any of the assets of the defendant corporation in payment of his indebtedness by way of preference; that in consummation of that scheme formal assignments of his claims against the defendant corporation were made to his wife, and actions were brought in her name upon such claims against the corporation. The papers in such actions were served upon him as an officer of the corporation, and the fact of such service was kept secret until judgments in such actions were entered by default, upon which executions were issued and levies were made by the sheriff.

The trial judge found, viz.: "The assignments of the claims against the Eureka Chemical Company, made by the defendant Hugh C. Townley to the defendant Margaret A. Townley were made by the said Hugh C. Townley and received by the said Margaret A. Townley, having full knowledge of the insolvency of the Eureka Chemical Company, for the purpose of enabling the said Margaret A. Townley to obtain a judgment and lien upon the property of the Eureka Chemical Company, and for the purpose of avoiding and evading the statute providing that whenever an incorporated company shall have refused the payment of any of its notes

or other evidences of debt in specie or lawful money of the United States, it shall not be lawful for such company or any of its officers to assign or transfer any of the property or choses in action of such company to any officer or stockholder of such company, directly or indirectly, for the payment of any debt, and to avoid the decisions of the courts under such statute, and to create and obtain an illegal preference over the plaintiff and other creditors of the said defendant, the Eureka Chemical Company."

*Louis Marshall* and *William S. Jenney,* for the appellants.

*A. H. Sawyer,* for the respondent.

PER CURIAM:

Plaintiff having recovered a judgment against the Eureka Chemical Company, brings this action on the equity side of the court to obtain relief. The plaintiff alleges the invalidity of the judgments recovered by Margaret A. Townley, and asks the intervention of the court through the instrumentality of its equity powers. (*Braem* v. *The Merchants' National Bank of Syracuse,* 127 N. Y. 509.)

Section 4 of title 4 of chapter 18 of part 1 of the Revised Statutes was in force at the time of the occurrence of the transactions that are the subject of inquiry in this action. The evidence indicates that the corporation had refused payment of its notes or debts prior to the commencement of the actions by Margaret A. Townley, and, therefore, the prohibiting parts of the section were applicable to the corporation. That section of the Revised Statutes provides: "It shall not be lawful for such company or any of its officers to assign or transfer any of the property or choses in action of such company to any officer or stockholder of such company, directly or indirectly, for the payment of any debt; and it shall not be lawful to make any transfer or assignment in contemplation of the insolvency to any person or persons whatever; and any such transfer and assignment to such officer, stockholder or other person, or in trust for them or their benefit shall be void." (1 R. S. 603.) The evidence makes quite manifest the scheme of Hugh C. Townley to so transfer his indebtedness against the company to his wife as to enable her to obtain a preference which he could not by the letter of the statute have or receive. We are called upon to determine whether such scheme can be successful

or not. We think, under the construction that has authoritatively been given to the statute, that the efforts on the part of Hugh C. Townley and Margaret A. Townley to gain a preference over the other creditors by the means adopted, should fail. (*Kingsley* v. *First National Bank of Bath*, 31 Hun, 329 ; *Throop* v. *Hatch Lithographic Company*, 58 id. 149 ; S. C. affd., 125 N. Y. 530.) While that case was under consideration in the General Term of the first department it was said : " It seems to have been the intention of the Legislature to prevent persons occupying confidential relations towards corporations from either directly or indirectly profiting by the information which they may have acquired because of their relation to the corporation, and which information they could use to the detriment of the general creditors of the corporation."

In *National Broadway Bank* v. *Wessell Metal Company* (59 Hun, 479) the scheme pursued was condemned on the ground that unlawful means were used to effect a forbidden end. The means adopted in that case which were condemned, consisted of a collusively confessed judgment and a collusive execution " issued as a sham and returned as a sham, followed by sequestration proceedings founded upon these shams, instituted by the defendant company against itself through its own counsel, all to effect the end of a practical transfer by the directors themselves."

In the course of the opinion delivered in *Throop* v. *Hatch Lithographic Company* (125 N. Y. 531), ANDREWS, J., said : " The construction given below is salutary, and in many cases will prevent frauds upon the statute which could not be proved." He then adverts to the question as it was presented and discussed in *Kingsley* v. *First National Bank of Bath* (31 Hun, 329), and approves the conclusion there reached. He further adds : " We think a construction which disables an officer of an insolvent corporation from acquiring a preferential lien on the corporate assets by legal process is justified."

In the case in hand we have the effort on the part of an officer who had full knowledge of the insolvency of the corporation, to so transfer his claims to his wife, who is found to have had equal knowledge of the insolvency of the corporation, in order to circumvent the letter of the statute. The scheme was condemned by the Special Term, and the trial judge expressed his views in

respect to the same in an opinion which is found in the appeal book, in language which meets with our approval.

The force of the opinion of the Special Term and the views already expressed lead to the conclusion that the judgment should be affirmed.

MERWIN and PARKER, JJ., concurred.

Judgment affirmed, with costs.