Louis L. Friedman, J.
The defendants Geneva Equipment Corp. (hereinafter referred to as “ Geneva ”) and Irving Goldman (hereinafter referred to as “ Goldman ”) move to dismiss the second and third causes of action which are asserted against them. This motion is made under rule 106 of the Buies of Civil Practice, upon the ground that the said two causes fail to state facts sufficient to constitute a cause of action. The motion also asks, as additional relief, that a portion of paragraph Thirteenth of said complaint, more specifically set forth in item 3 of the notice of motion, be stricken from said paragraph on the ground that it is so indefinite, uncertain and obscure that the precise meaning or application thereof is not apparent.
An examination of the pleadings discloses that the first cause of action, which is brought against the defendant Eaytone Screen Corp. only, is upon a promissory note. The allegations of said cause of action set forth the corporate capacities of the corporations mentioned in the complaint, the execution and delivery of the said note, its indorsement and transfer for value to the plaintiff herein, and that he is now the holder thereof, that demand for payment has been made and refused, and that by reason thereof the defendant Eaytone is indebted to plaintiff for the amount thereof. No attack is made upon that cause of action.
The second cause of action, which is here under attack, repeats all of the allegations of the first cause of action which are contained in paragraphs numbered First through Sixth thereof (see paragraph Seventh of the complaint, second cause of action) and further alleges that the moving defendant corporation is a domestic corporation, that the plaintiff is a creditor of the defendant Eaytone by reason of the facts set forth in the first cause of action, and that the said Eaytone’s president and secretary-treasurer, who constitute 75% of the directors of Bay-tone, entered into a conspiracy to acquire for their own use and benefit the assets of the said Eaytone, for the purpose of defrauding the creditors of the said corporation. Paragraph Thirteenth of the complaint, which is contained in the second cause of action, outlines the details of the alleged fraudulent conduct in furtherance of the claimed conspiracy. It is asserted in said paragraph that the defendants who here move, purchased the chattels which were sold at the foreclosure sale, for an inadequate price, thus allegedly aiding in carrying out the said conspiracy; and that by reason of those facts, plaintiff sustained damage.
Whatever rights plaintiff may have against any other defendant, he sets forth no cause of action against the defendants Geneva and Goldman. The only connection between the said defendants and the claimed conspiracy is the conclusory state- *356 meat that the price paid by them for the foreclosed chattel® ‘‘ was a wholly inadequate consideration therefor ’ ’. In addition, plaintiff is a general creditor and had acquired no lien on the property of the debtor. That being so, he has no right to maintain an action at law for this tort, based upon the claim as alleged in the complaint (Bartol v. Bennett, 56 N. Y. S. 2d 314; Braem v. Merchants’ Nat. Bank, 127 N. Y. 508).
The third cause of action realleges all of the allegations of both the first and second causes of action and further alleges that because of the claimed conspiracy, the value of the plaintiff’s stock in the said corporation depreciated, and the stock has become valueless. As pointed out heretofore with respect to the second cause of action, nothing is added to the third cause of action to connect the said defendants with the plaintiff’s claimed damages.
Accordingly, the motion to dismiss the second and third causes of action as against the defendants Geneva and Goldman, is in all respects granted. This disposition makes it unnecessary to pass upon item 3 of the notice of motion, since it has become academic.
Submit order.