Bergan, J.
In this action for the recovery of loans made to the corporate defendant, the answer denied the loans and as an affirmative defense alleged that plaintiff invested the amounts sued for as a stockholder; that the defendant was unable to pay past-due obligations and that, therefore, judgment on the claims would be invalid under section 15 of the Stock Corporation Law. In pertinent part this section provides: “No corporation which shall have refused to pay any of its notes or other obligations, when due * * * shall transfer any of its property to any of its * * * stockholders, directly or indirectly, for the payment of any debt * * * . No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment *41 made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid ”.
Upon the trial the issue was whether the money advanced to defendant by plaintiff was a loan or an investment and the Special Beferee found that, since “ defendant borrowed monies from plaintiff as alleged in its complaint as a creditor rather than an investor-stockholder, defendant’s affirmative defense against plaintiff is of no merit”. Judgment for plaintiff was unanimously affirmed by the Appellate Division.
The statutory prohibition does not seem to embrace an action such as this—vigorously contested on the merits by the corporation itself on the issue whether the plaintiff in making the advance was making a loan or an investment. The statute seems to deal with a judgment by consent or without opposition, since it uses the term “judgment suffered ”. And it uses it in context with other acts suggesting the creation of favorable priority for the stockholder or officer, i.e., ‘ ‘ payment made, judgment suffered, lien created or security given”. The term “judgment suffered” used in this context necessarily means by the consent and connivance of the corporation to give the plaintiff a priority.
That situation certainly did not exist here. Defendant affirmatively pleaded facts which it thought brought it within section 15. It had the burden of establishing this defense. And although defendant argues that it is “ undisputed ” that the corporation was insolvent, the decision of the Beferee in favor of the plaintiff must be deemed a factual decision against defendant on its affirmative defense. It is not argued in this court by defendant that the decision insofar as it decides factually against the affirmative defense is not supported by substantial evidence. It is argued, merely, that in view of the ‘ ‘ admitted insolvency ’ ’ of defendant the plaintiff cannot get a preferential lien through the process of a judgment.
The problem is not the lien of a levy pursuant to the judgment resulting from this action. The problem is whether plaintiff in this litigated action has a right to recovery when the merits of plaintiff’s real status vis-a-vis the corporation as stockholder *42 or lender of money was the main litigated question. Throop v. Hatch Lithographic Corp. (125 N. Y. 530) is one of the main decisions on this question, but the issue there was not the result of a litigation of status of plaintiff; it was rather his right to obtain a ‘ ‘ preferential lien ’ ’ by virtue of a warrant of attachment. The court held he could not obtain such a lien this way. It was felt the warrant of attachment was “ equivalent ” to “an assignment or transfer by * * * voluntary action” (p. 535).
A careful analysis of the rights of corporate officers who are „ valid creditors of a corporation appears in the decision of the General Term, Fourth Department, in Kingsley v. First Nat. Bank of Bath (31 Hun 329 [1884]). An action to establish such rights is not interdicted by the statute ‘ ‘ for that may be necessary to secure an adjustment and liquidation of a disputed demand” (p. 337). It was the levy under the execution that was held to create the preference and was held “ void ” at the suit of the receiver.
This concept of procedural difference between the merits of the action maintained by a corporate officer (or his assignee) and the right to levy under an execution on the judgment was developed further in the Appellate Division, Second Department, in the next decade (1897). It was held in Welling v. Ivoroyd Mfg. Co. (15 App. Div. 116, affd. 162 N. Y. 599) that the officer’s assignee had a right to sue upon a proper cause of action and obtain a judgment. The remedy, it was said, must be addressed to the levy.
Therefore, in the case before us, entirely aside from the holding of the Eeferee that in fact the plaintiff was a true creditor rather than a corporate investor (upon the asserted affirmative defense), the judgment itself is valid and it is the only subject of this appeal.
The judgment should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Scileppi concur.
Judgment affirmed.